The order of the special term should be affirmed, with costs.

[New York General Term, September 20, 1858. *Davies, Sutherland* and *Hogeboom,* Justices.]

---

## Vanderpool *vs.* Husson, Coit and Morrison.

In an action to recover damages for the defendant's neglect in conducting the repairs of a house, in consequence of which the plaintiff, while passing by, was struck by a falling timber and injured, where the defense is, negligence on the part of the plaintiff contributing to the injury, and the absence of negligence on the part of the defendant, the true question to be put to the jury is, Did the defendant take proper precautions to prevent the injury ; in other words, was he guilty of negligence in not observing proper precautions ?

It is error, in the judge, to *limit* the expedients to be resorted to by the owner of the building, by instructing the jury that where, in conducting such repairs, a derrick is necessarily extended over the side-walk where people are passing, it is the duty of the owner to cause a barricade to be placed, to prevent people from passing by ; or to place a person there, to give warning to passers by.

The general rule is that where work is done under a contract, and an injury to an individual occurs from the act or negligence of the servants of the contractor, the owner of the property is not responsible.

To this general rule there are exceptions ; as where the work or erection is itself a *nuisance ;* or where the injury was a necessary result of the contract, &c.

Vanderpool *v.* Husson.

THIS was a motion for a new trial, on a case and exceptions; the motion having originally been made at special term and denied, and coming here by appeal. The suit was brought to recover damages for the defendants' neglect in conducting the repairs and improvements of a house at 108 Bowery, New York, in consequence of which the plaintiff, in passing by, was struck by a stick of falling timber and had his leg broken, and was otherwise injured. The defense was negligence on the part of the plaintiff, contributing to the injury, and the absence of negligence on the part of the defendants; and also that the repairs and improvements were conducted by Morrison as a contractor or sub-contractor under one Berry, with whom Husson as the owner of the premises, and Coit as his agent, had made a contract for doing the work; and that the workmen through whose alleged negligence the injury was occasioned, were the servants of Morrison alone and not of the other defendant, and therefore that the latter were not responsible. This relation of the parties was substantially proved, at the trial, but the plaintiff gave evidence tending to show to some extent that Husson and Coit had superintended the work, given orders to the men engaged in it, and issued directions to the workmen, which were in some instances complied with and obeyed. Evidence was also introduced upon the point whether there was or was not a barricade timber extending across the side-walk and elevated above the pavement to prevent persons from passing by, and also whether a person was stationed at or near the place to give warning of danger to persons approaching; and whether this warning was in fact given in this particular case. Evidence was also introduced to show that a *derrick* was erected and used in the performance of the work, which occupied a part of the pavement or side-walk in front of the premises. Much additional evidence was given, not material to be noticed. The judge charged the jury at length, and the defendants took various and specific exceptions to portions of the charge. They also made various requests to charge, with some of which the judge refused to comply, and the defendants duly excepted.

These are sufficiently referred to in the opinion of the court. The jury rendered a verdict for the plaintiff for $4500, and the defendants brought the case here by appeal from the decision of the special term refusing a new trial.

*D. Dudley Field,* for the defendants.

*W. Curtis Noyes,* for the plaintiff.

*By the Court,* HOGEBOOM, J.   The judge at the circuit, among other things, charged the jury that if an owner of a *building* contracts with another to raise a roof to his house, and in that work a derrick is employed, extending over a sidewalk which is a great thoroughfare, where many persons are continually or frequently passing, and that derrick was necessarily so extended, or it was known to the owner that it was so extended, or would be extended, then it was the duty of the *owner* to cause a barricade to be placed to prevent persons passing by, or to place a person there to give warning to the persons passing, and for the omission of such duty the owner is liable as for his own neglect.   To which charge the defendant's counsel excepted.

In this charge I think the learned judge erred..  The general rule is, that where the work is done under a contract, and the injury occurs from the act or negligence of the servants of the contractor, and not those of the owner, the owner is not responsible.   (*Blake* v. *Ferris,* 1 *Selden,* 48.   *Pack* v. *The Mayor &c. of New York,* 4 *id.* 222.   *Kelly* v. *Mayor of New York,* 1 *Kern.* 432.   *Norton* v. *Wiswall,* 26 *Barb.* 618.)   There are exceptions to the general rule, where the work or erection is itself a *nuisance,* or where the injury was itself a necessary result of the contract, and in some other cases not material to be noticed.   (*Stevens* v. *Armstrong,* 2 *Selden,* 436.   *City of Buffalo* v. *Holloway,* 3 *id.* 493.   *Mayor of New York* v. *Bailey,* 2 *Denio,* 442.   *Congreve* v. *Morgan,* 5 *Duer,* 495.)   This particular erection was not complained of as a nuisance, nor

Vanderpool *v.* Husson.

was it necessarily of that character. A temporary obstruction of the side-walks or avenues of a city is sometimes indispensable to the erection of such buildings or the making of such repairs and improvements as are essential to the comfort of the inhabitants. Nor is it quite clear that the *derrick itself*, in consequence of its position and dimensions, might not answer all the purposes of a barricade, and strike the eye and catch the attention of passers by, so as perhaps to give more timely and effectual warning than the stick of timber relied upon in this case to perform that office. But assuming it to be otherwise, and that prudence required other precautions to prevent danger to persons passing by, I am of opinion that the judge restricted too much the expedients to be resorted to, to produce this effect. It is quite possible that other things might be done to inspire precaution, or give warning, quite as effectually as the placing of a barricade across the walk, or stationing a person there to give warning. The party charged with such a duty might post a notice in some conspicuous place, or across the walk itself, or do various other acts, which would just as well accomplish the object desired. The true question to be put to the jury was, did the owner take proper precautions to prevent the injury; in other words, was he guilty of negligence in not observing them? To *limit* the defendant to the two particularly named, was, I think, calculated to mislead the jury.

In a subsequent part of the charge, the learned judge seems to have fallen into the same error, and to have prescribed precisely the same means of warning as the only ones that could admonish the passer by of danger; and he expressly charges that the individual passing may assume that it is safe for him to pass, unless he is notified to the contrary in one or the other of the two modes above referred to. I can only repeat that this seems to me to confine the proof of the absence of negligence within too narrow a compass. I do not know that in point of fact it was pretended that any other special means than those thus specifically referred to by the court were resorted

to to admonish passers by of danger; but still the question of negligence is one to be gathered from all the circumstances of the case, and the defendants had a right to the benefit at the hands of the jury of the consideration of all these various circumstances in making up their opinion on this question.

There are other questions in the case deserving of consideration, but I have not thought it necessary to pursue them. If I am right in the view thus far taken, there must be a new trial granted, with costs to abide the event. And I am of opinion that justice requires that such direction should be given to the case.

[NEW YORK GENERAL TERM, September 20, 1858. *Davies, Sutherland* and *Hogeboom*, Justices.]