THOMAS P. WOOD, Appellant, *v.* THE THIRD AVENUE RAILROAD COMPANY, Respondent.

*Negligence — a hole in a manhole cover — evidence that many had passed the place in safety.*

In an action brought to recover damages resulting from injuries caused by the alleged negligence of the defendant, it appeared that a corporation, operating a cable railroad, laid manhole covers in a public street opposite the New York entrance of the Brooklyn bridge, with a circular hole in the center of each cover one and seven-eighths inches in diameter; that this hole, which was open and unguarded, was designed to facilitate access to the manhole, and that its employment enabled the corporation or its servants to lift the cover about eighteen seconds sooner than if the cover had been built with a notch in its side; that while the plaintiff, who used crutches, was crossing the street, one of his crutches slipped into the hole, by reason of which he was thrown down and injured.

Upon the trial of the action the defendant proved that large numbers of persons had crossed the cover without meeting with any accident, and the court held, as matter of law, that the defendant was not negligent.

*Held,* that this was erroneous; that proof of the fact that no accident had previously happened was not conclusive upon the question of damages, and that the case should have been submitted to the jury.

APPEAL by the plaintiff, Thomas P. Wood, from an order of the Supreme Court, made at the Kings County Circuit and entered in the office of the clerk of the county of Kings on the 10th day of July, 1895, setting aside the verdict of a jury rendered in favor of the plaintiff and granting the defendant's motion for a new trial.

*Isaac M. Kapper,* for the appellant.

*William N. Cohen* and *Henry L. Scheuerman,* for the respondent.

PRATT, J.:

The defendant, which operates a cable railroad, laid manhole covers in the public street opposite the New York entrance of the Brooklyn bridge, with a circular hole in the center of each of such covers one and seven-eighths inches in diameter.

The hole was open and unguarded. The plaintiff was crossing the street when one of the crutches with which he walked went into the hole and plaintiff was thrown down and injured. The jury found the construction negligent, and gave plaintiff a verdict, which was set aside. Plaintiff appeals.

The defendant showed that since the manhole cover had been so placed a great number of people had crossed at that place without accident, and claimed that to be conclusive evidence that the construction was a safe one. That view prevailed.

We think that while the safe passage of so many people was a matter proper for the consideration of the jury, the court went too far in holding that, as a matter of law, it entitled defendant to a judgment in its favor.

The hole in the iron cover was large enough to admit the heel of a shoe, and, obviously, it was only a question of time when an accident would occur. It is not rare to see people with crutches, and they have a right to use the streets. The manhole covers are between the tracks, and if a lady with a high-heeled shoe should step into the hole it would be a happy accident if she escaped with her life. It is not possible that the good fortune of defendant in escaping accidents for a season can give it a vested right to maintain such a dangerous obstruction in the public street. This is the more obvious when we learn that the only benefit the defendant derives from the hole is that the cover can be lifted about eighteen seconds sooner than it can be if built with a notch in the side. That advantage is too trivial to be considered in opposition to the safety of the public.

The order appealed from must be reversed and judgment ordered on the verdict, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Order granting new trial reversed and judgment ordered on the verdict, with costs.