### BEETZ v. CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. November 20, 1896.)

1. PERSONAL INJURY—PROXIMATE CAUSE—CITY'S LIABILITY.
　　Permitting quicklime, in barrels, to be placed in a street of defendant city, for the use of a builder, is not the proximate cause of the loss of plaintiff's eyes, where another child took some of the lime which had escaped through cracks in the barrels, and threw it into a vessel of water held by plaintiff, causing an explosion, which resulted in the injury complained of.

2. NUISANCE—QUICKLIME.
　　Quicklime, in barrels, placed on a street for the use of a builder, is not a nuisance, though some of it escape through cracks in the barrels.

Appeal from trial term, Kings county.

Action by Charles Beetz, by Peter Beetz, his guardian, against the city of Brooklyn, to recover damages for the loss of plaintiff's eye. The complaint was dismissed on plaintiff's opening statement of the case to the jury, and plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Albert E. Lamb, for appellant.
Alexander H. Van Cott, for respondent.

HATCH, J. The opening statement made by plaintiff's counsel to the jury in substance disclosed that: In April, 1894, the city of Brooklyn had issued to certain builders a permit to use a portion of the public streets of said city at the corner of Stanhope and Wyckoff streets for placing building material thereon, to be used in the construction of a building then in process of erection. That about two weeks prior to May 5, 1894, 12 or 15 barrels of quicklime were placed upon the sidewalk, opposite the building in process of erection,

and about 60 feet from the corner of the aforesaid streets, where they were permitted to remain until after said May 5th. Some of the staves of the barrels had opened, allowing the lime to escape upon the sidewalk in considerable quantities, where it remained exposed during the aforementioned period. The plaintiff was a boy, about seven years of age, living with his parents, upon Stanhope street. The lime stood upon the street in front of a vacant lot. On the afternoon of the said 5th of May, plaintiff, in company with some other boys of about his own age, were playing about the barrels, when it was suggested that they should build a house in the adjoining lot. One of the boys gathered up a quantity of lime, and carried it on to the vacant lot, where plaintiff was. The latter had a tomato can containing some water, and one of the boys poured some of the lime into the can, which, coming in contact with the water, blew up into plaintiff's face, and destroyed his eyes. The opening is in substantial accord with the allegations of the complaint, the only substantial difference being that the complaint alleges that the lime was blown in plaintiff's eyes at the corner of the streets, and, by inference, without the agency of any intervening cause except the wind. Upon the argument, however, it was not claimed that any allegation of the complaint changed or modified the questions presented upon the opening.

We are of opinion that the judgment dismissing plaintiff's complaint was right, and that no liability attached to the defendant upon the facts as disclosed by the opening. It is a well-settled general proposition of law that a party is only liable for the natural and probable consequences of his wrongful act or omission. And, while difficulty frequently arises upon the application of this rule of law to particular cases, yet where it appears that the consequences which flow from the particular act are remote and speculative, no liability attaches. Usually the question of proximate cause is one of fact for the jury to answer; but where the facts present a clear case, the question is to be disposed of as one of law by the court. And the law requires that the injury must so directly result from the wrongful act "that, according to common experience and the usual course of events, it might, under the particular circumstances, have reasonably been expected." Jex v. Straus, 122 N. Y. 293, 25 N. E. 478. If the result is of such a character that reasonable prudence and foresight would not forecast its happening as a consequence of the act, then it may not be considered as a proximate cause. Ryan v. Railroad Co., 35 N. Y. 210; Webb v. Railroad Co., 49 N. Y. 420; Read v. Nichols, 118 N. Y. 224, 23 N. E. 468; Railway Co. v. Kellogg, 94 U. S. 469; Hoag v. Railroad Co., 18 Am. L. Reg. (N. S.) 214. The parties who placed the lime in the street had the authority of the defendant for what they did. It was not claimed in the complaint or opening by counsel that the lime was per se a nuisance. Upon the argument it is claimed that it was a dangerous substance, and, as allowed to escape, was a nuisance. It was building material in common use, and we may take notice that it is an essential and necessary article for such purpose. When placed in the street in a convenient and proper manner for use in the construc-

tion of a building, it is permissible, and is not a nuisance. Vanderpool v. Husson, 28 Barb. 196; 1 Wood, Nuis. (3d Ed.) § 256. There is nothing which appears in the case having a tendency to establish that the lime, if left alone in the street, as it was placed, would have inflicted injury upon any person, or that it would be likely to be so blown about as to inflict damage. Could the defendant, in reasonable contemplation, have supposed that children would carry this lime from the street to this vacant lot, and there attempt to make use of it in the manner described? We think to ask the question is to answer it. The lime was harmless as it lay upon the street. It was only made dangerous by the active intervention of two other agencies,—the boy who carried it, and its contact with water. It does not appear that there was any water near it, or anything connected with it, except the use to which it was commonly put, that would suggest to any one that it could be carried away and mixed in this vacant lot. It is suggested that it was as dangerous as exposed gunpowder, and constituted a nuisance. We are not able to accept this view. It is as commonly in the streets for building purposes as is building stone, is placed therein and used therein daily without danger or serious inconvenience to the general public using the streets. It will probably be found impossible to cite a case where injury has arisen in a manner similar to the one now before us; and to hold the defendant liable in damages upon these facts would, we think, establish a rule of liability beyond that of any adjudged case, and would impose a rule of practical indemnity for injuries from accidents where the city was in any wise connected. The cases relied upon by plaintiff to sustain his appeal are cases where the danger was within the reasonable contemplation of the city, and such condition a proximate cause of the resultant injury. Such is not the case here.

The judgment should be affirmed, with costs. All concur.