## ARCHER v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

1. MUNICIPAL CORPORATIONS — STREETS—PROJECTING WATER PIPE—DEFECT—
INJURIES—LIABILITY.
Where plaintiff was injured by tripping over a water pipe which pro-
jected four inches above the surface between the flagstone and the curb,
an instruction that, if the obstruction was so slight that no careful man
would apprehend danger from its existence, the city was not liable, and
that it was not chargeable with negligence for an accident which, accord-
ing to common opinion, was not likely to happen, was proper.

2. SAME—NOTICE—EXISTENCE OF DEFECT.
Where plaintiff was injured by tripping over a water pipe which pro-
jected four inches above the ground, and which had·been left in that
condition for nine months after grading the street, an instruction that, if
the city, in the performance of its ordinary duty and in the exercise of
ordinary care, could have known of the obstruction, the jury would be
justified in finding that defendant had notice of the existence of the
obstruction, was proper.

3. SAME—NEGLIGENCE—QUESTION FOR JURY.
Where plaintiff was injured by tripping over a water pipe which pro-
jected four inches above the surface between the flagstone and the curb,
and which had been left in that condition for nine months after grading
the street, the question of the city's negligence was for the jury.

Appeal from trial term, Westchester county.

Action by Leroy E. Archer against the city of Mt. Vernon. From
a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-
BERG, JENKS, and SEWELL, JJ.

William J. Marshall, for appellant.
Arthur M. Johnson, for respondent.

GOODRICH, P. J. The defendant city maintained upon the side-
walk of one of its highways an iron water pipe about one and one
quarter inches in diameter, and projecting several inches above the
ground, with an iron cap three inches in diameter on its top. On the
sidewalk was a row of flagging several feet in width, but covering
only a portion of the sidewalk; the distance between the flagging and
the curb line being about two feet. In this space stood the water
pipe. Originally the pipe was left flush with the surface of the earth
walk, but afterwards the defendant changed the grade of the walk,
leaving the pipe projecting four inches above the earth surface. This
condition existed for nine months prior to November, 1898, when the
plaintiff, while carrying groceries from a wagon in the highway to
the residence opposite the water cap, caught his foot under the pro-
jecting cap, and fell, striking his knee against the edge of the flagging,
and receiving injuries for which he brings this action. The defendant
offered no evidence, and the jury rendered a verdict for the plaintiff.
From the judgment entered thereon the defendant appeals.

The defendant admitted that this iron cap was four inches above
the ground, and that the grading which had cut down the surface as
already stated was done in the summer of 1896. A motion was made
to dismiss the complaint, on the authority of Beltz v. City of Yonkers,

148 N. Y. 67, 42 N. E. 401, where the plaintiff had been injured by tripping over an uncovered depression about two and one-half inches in depth, between two flagstones. The court said (page 70, 148 N. Y., page 402, 42 N..E.):

"When the defect is of such a character that reasonable and prudent men may reasonably differ as to whether an accident could or should have been reasonably anticipated from its existence or not, then the case is generally one for the jury; but when, as in this case, the defect is so slight that no careful or prudent man would reasonably anticipate any danger from its existence, but still an accident happens, which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law."

In the present case the court charged that the defendant was not chargeable with negligence in omitting to keep the street in repair, if the obstruction was so slight that no careful or prudent man would apprehend danger from its existence, and that it was not chargeable with negligence for an accident which, according to common opinion, was not likely to happen, and left it to the jury to decide whether the defendant used reasonable care in permitting the pipe to remain in the condition that it was. As the condition was proved to have continued nine months, the court properly charged that if, in the performance of its ordinary duty, and in the exercise of ordinary care, the defendant could or would have known of the obstruction, the jury would be justified in finding that the defendant had notice of the existence of such obstruction. The obstruction in this case was difficult to see, and in this respect differs materially from such objects as carriage stones, lamp posts, and hitching posts, which are easily discernible by a traveler, and whose purposes require them to be above the grade of the highway. The cases cited by the defendant's counsel relate to such erections, and do not afford authority against the liability of the city for maintaining an obstruction like the water pipe in question. In Williams v. City of Brooklyn, 33 App. Div. 539, 53 N. Y. Supp. 1007, this court held the city responsible in a case where it had allowed a broken flagging to remain several months projecting some inches above the surface of the sidewalk, the earth having been washed or worn away. We approved the charge "that the city was not an insurer of the safety of the streets, but was required to exercise reasonable care, measured by the necessities of the particular locality, and submitted to them the question whether the walk was or was not reasonably safe, and, if they found it unsafe, whether it had been so long enough for the city authorities to have discovered it, if they exercised reasonable care in looking after the safety of the streets." This decision seems to be controlling in the present action. We find no error in the charge or in the submission of the case to the jury, and the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur, except SEWELL, J., who takes no part.