JOHN CARNEY, Respondent, *v.* MINNESOTA DOCK COMPANY,
Appellant.

MASTER AND SERVANT — NEGLIGENCE — DEFECTIVE APPARATUS —
BURDEN OF PROOF. Where in an action brought by a servant against a mas-
ter, under the Employers' Liability Act (L. 1902, ch. 600), to recover for inju-
ries caused by the fall of a heavy iron bucket, used in hoisting ore from the
hold of a vessel in which the plaintiff was working, it is alleged that the
bucket was attached to the hoisting apparatus by a defective hook, and that,
while being lowered into the hold of the vessel, the bucket was arrested
by some obstruction, thereby causing it to slip from the hook and fall
upon the plaintiff, and it appears that there is but one narrow ground
upon which the defendant could properly be chargeable with negligence,
and that is that the widening or spreading of the hook was the sole and
proximate cause of the injury, the plaintiff is bound to show affirma-
tively, not merely that this particular hook came out of the bucket handle

when it was arrested in its descent, but that such a thing could not have happened, or would not be likely to happen, with other hooks that were not spread; without such evidence the burden of proving actionable negligence has not been maintained, and where the question has been fairly raised by a motion for a nonsuit, the submission of the question of the defendant's negligence to the jury constitutes reversible error.

*Carney* v. *Minnesota Dock Co.,* 115 App. Div. 920, reversed.

(Argued February 20, 1908; decided March 3, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 19, 1906, which affirmed a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. H. Metcalf* and *Ralph S. Kent* for appellant. The court erred in refusing to charge as requested by the defendant's counsel concerning the effect of the alleged widening of the hook. (*Leeds* v. *N. Y. T. Co.,* 178 N. Y. 121; *Galasso* v. *Nat. S. S. Co.,* 27 App. Div. 169.)

*George P. Keating* for respondent. The court was correct in submitting to the jury the question of whether or not the negligence of defendant did not concur with the negligence of the hatchtender in causing the injuries in question. (*Stringham* v. *Stewart,* 100 N. Y. 510; *Eaton* v. *N. Y. C. & H. R. R. R. Co.,* 163 N. Y. 391; *Hosford* v. *N. Y. C. & H. R. R. R. Co.,* 39 App. Div. 327; 161 N. Y. 660; *M. R. R. Co.* v. *Kellogg,* 94 U. S. 469–474; *Auld* v. *M. L. Ins. Co.,* 34 App. Div. 491; S. & R. on Neg. [5th ed.] § 188; *O'Keefe* v. *G. N. E. Co.,* 105 App. Div. 8; *Galasso* v. *Nat. S. S. Co.,* 27 App. Div. 169.)

WERNER, J. The action is for damages for injuries which the plaintiff sustained while in the employ of the defendant. The complaint was framed under the Employers' Liability Act, and was broad enough to cover various kinds and degrees of dereliction of duty by the defendant, but the evidence narrowed the actual issue to the single question whether a certain

hook which was used as a part of a hoisting apparatus was so defective as to be the sole cause of the accident by which the plaintiff was injured. Had that question been pointedly and clearly submitted to the jury we should have no reason to interfere with the judgment entered upon the verdict and affirmed at the Appellate Division. We think, however, that the controlling feature of the case was not so clearly presented to the jury as to render it reasonably certain that the judgment ought to stand, and since the affirmance was by a divided court, the question raised by the motion for a nonsuit survives for consideration by this court. The motion for a nonsuit was upon two grounds: 1. That the plaintiff failed to establish any negligence on the part of the defendant. 2. That the plaintiff had not shown that he was free from contributory negligence. The latter ground need not now be discussed. It simply remains then to be determined whether the facts established by the plaintiff as bearing upon the defendant's alleged negligence were of such a character as to permit or require the submission of that issue to the jury. A short statement of these facts will suffice to disclose the precise nature of the question involved.

The defendant is a corporation engaged in the business of unloading ore from vessels and transferring it to railroad cars in the city of Buffalo. On the 6th of October, 1902, which was the day of the accident, the defendant's employees, of whom the plaintiff was one, were engaged in unloading ore from a steamer then moored at its docks. The plaintiff had been engaged in the same work for the defendant since the month of April in the same year. This work was done by ten men. These were the engineer or hoist tender who operated the hoist upon signal from the hatch tender, whose duty it was to guide the boom of the derrick and to keep the workmen in the hold advised of the movements of the buckets. Then there were eight laborers or shovelers, divided into gangs of four each, who were stationed in the hold of the vessel on opposite sides of the ore pile, whose duty it was to take the buckets from the hoisting chain, fill them, and attach them again, as

they came down alternately on opposite sides of the ore pile. The buckets, as has been suggested, came down into the hold of the vessel, first on one side and then on the other, and the men working in the hold thus kept track of their movements, but they were also advised thereof by the hatch tender who would call out when a bucket was being lowered. These buckets were large and heavy steel or iron receptacles equipped with iron handles, which were loosely secured to the sides of the buckets like the movable handle of the ordinary pail. At the top or center of these handles were holes into which were inserted the hook on the end of the hoisting chain. The hook in use on the day of the accident had been used for some time, and the plaintiff's evidence tended to show that it had become bent or spread, so that its opening on the day of the accident was about four inches wide, although it had originally been only about two and three-quarters inches wide. The result of this widening of the hook was, as claimed by the plaintiff, that the hook frequently slipped out of the hole in the handle of the bucket, when the descent of the bucket was stopped or arrested by the sides or combing of the hatches or the ore pile, and when that happened the bucket fell into the hold where the men were working. This is said to have occurred on a number of occasions extending over several months prior to the day of the accident. There was also evidence from which the jury had the right to find that the same thing had happened no less than three times on that same day, although on the side of the hold opposite to the one on which the plaintiff was at work. At the time of the accident the bucket then being lowered should have come down on the side opposite to the plaintiff, but, owing to the negligence of the hatch tender or for some other reason, it came down on the plaintiff's side. In its descent it rested momentarily on the ore pile several feet above the heads of the shovelers. The hoisting chain continued to unwind, and this loosened the grip of the hook upon the handle of the bucket so that it came out, with the result that the bucket fell upon the plaintiff and caused the injuries complained of.

There is further evidence which would have justified the jury in concluding that the defendant's foreman had been notified of the spreading of this hook, and of the several falls of the bucket previous to the accident and on the same day. In that connection it appears that the kind of hoisting apparatus used by the defendant was in common use for similar purposes; that in the work of hoisting ore the hook has to be changed from one bucket to another about every thirty seconds; and, inferentially at least, that the hole or socket must be large enough to permit this to be done easily.

Upon this statement is seems obvious that there was but one narrow ground upon which the defendant could properly be chargeable with negligence, and that was that the widening or spreading of the hook was the sole and proximate cause of the injury to the plaintiff. We think the plaintiff was bound to show affirmatively, not merely that this particular hook came out of the bucket handle when the bucket was arrested in its descent, but that such a thing could not have happened or would not be likely to happen with other hooks that were not spread. It requires no great discernment to see that a hook which must fit into a socket so loosely as to permit of its convenient removal every thirty seconds might on occasions slip out when the chain was slack even though the hook had not spread at all. And, in that view of the case, such an accident as that which befell the plaintiff might happen without culpable negligence on the part of any one. The defendant's motion for a nonsuit and its request to charge fairly raised the question whether, without specific proof that the spreading of the hook was the identical cause of the accident, the plaintiff had made out a case for the jury, and as we think that, without such evidence, the plaintiff has not maintained the burden of proving actionable negligence, the judgment must be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., GRAY, HAIGHT and VANN, JJ., concur; WILLARD BARTLETT and HISCOCK, JJ., dissent.

Judgment reversed, etc.