· FAHEY v. NEW AMSTERDAM GAS CO.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

1. MASTER AND SERVANT (§ 278*)—LIABILITY OF MASTER—DEFECTIVE APPLIANCES—REASONABLE CARE.

In a servant's action for injuries by falling from an open door of a gas generating room, where he had gone for fresh air, as was the custom, by the giving way of an iron bar placed in the door, which had been in use for about three. years, evidence *held* not to show any want of reasonable care by the master to furnish a reasonably safe place to work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 958; Dec. Dig. § 278.*]

2. MASTER AND SERVANT (§§ 101, 102*)—LIABILITY OF MASTER—DEFECTIVE APPLIANCES—REASONABLE CARE.

A master is not bound to provide appliances, in connection with the place where a servant is required to work, rendering accidents impossible; it being enough if he exercises reasonable care in providing appliances.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 173; Dec. Dig. §§ 101, 102.*]

3. MASTER AND SERVANT (§§ 101, 102*)—NEGLIGENCE OF MASTER—APPLIANCES.

Where an appliance has proved safe and adequate, for the purposes for which it was intended, for a long period, negligence cannot be predicated upon the continued use of such appliance.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171; Dec. Dig. §§ 101, 102.*]

4. MASTER AND SERVANT (§ 265*)—NEGLIGENCE—APPLIANCES—PROOF.

In order that a servant may recover of a master for a personal injury claimed to have resulted from the breaking of an appliance in a place, where he is required to work, he must affirmatively establish the fact of a break.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 898; Dec. Dig. § 265.*]

Woodward and Miller, JJ., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by Thomas Fahey against the New Amsterdam Gas Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

I. R. Oeland, for appellant.

Henry M. Dater (George F. Elliott, on the brief), for respondent.

BURR, J. The only ground of negligence asserted is the failure to furnish plaintiff with a reasonably safe place to work. The defendant is engaged in the manufacture of gas. On the second floor of the building in which the plaintiff was employed is what is known as the "generator room." It is about 100 feet long, 50 feet wide, and contains eight furnaces. At one end of the room there is a double door, about 6 feet wide. On the outside of the building, in front of this door, was a block and fall, by which material was hoisted from the ground and brought through this door into the building. The heat in the generator room was very great, and the door was generally kept open for purposes of ventilation. The men employed in this room were in the habit of going to this door to obtain fresh air when exhausted by the heat. On the outside of the building, and upon the jambs on each side of the door were slots, shaped somewhat like the letter U, open at the top. These slots were about an inch and a quarter or inch and a half deep. In order to form a barrier when the door was standing open, a piece of iron pipe was dropped into these slots. This pipe was a little longer than the space between the slots. Its diameter was a little greater than the width of the slots, and the ends of the pipe had been flattened by hammering them so that they would readily drop into the openings. When the bar was placed in position, the top of it projected "some little bit" above the top of the slots. This bar was held in position by its own weight. There was no catch or fastening over it. It was necessary that the bar should be movable, as, when material was brought into the building, the entire space in the doorway must be left open. This appliance had been in constant use for about three years before the date when the plaintiff was injured, and there is no evidence that it had ever slipped out of place. It had proved to be entirely adequate for the purpose for which it was used.

On the 3d day of July, 1906, the plaintiff was engaged at work in the generator room, and for the purpose of getting the fresh air he walked to the door, put his hands on this bar, and the bar went down into the street below, and plaintiff fell with it and was injured. He testified:

"Just put my hands on it. I didn't put my weight on it. I just put my hands on it; and immediately I put my hands on it the bar went down, and I went down."

. After the accident the bar and the slots were examined. Nothing had broken or given way. The bar had simply slipped out of place. It was picked up and put in position again, and has been used since the accident, precisely as it was before. On this state of facts it is difficult to see how the plaintiff has established that want of reasonable care on the part of the defendant which is essential to his cause of

action. It is difficult to see what more the master could have done, except to put a catch or fastening over the opening in the slot to hold the bar down. But the master is not bound to provide appliances in connection with the place where the servant is at work which make accidents impossible. It is enough if he exercise reasonable care in that regard. Smith v. Long Island Railroad Co., 129 App. Div. 427, 114 N. Y. Supp. 228. When an appliance has been in use for a long period of time, and has proved safe and adequate for the purposes for which it was intended, negligence cannot be predicated upon the continued use of such appliance. Paul v. Consolidated Fireworks Co., 133 App. Div. 310, 117 N. Y. Supp. 698; Loftus v. Union Ferry Co., 84 N. Y. 455, 38 Am. Rep. 533; Burke v. Witherbee, 98 N. Y. 562.

It would seem that there can be but two efficient causes for the displacement of this bar on the occasion when the plaintiff was injured. Either some of the appliances connected therewith broke, permitting the bar to slip out, or, after being removed for the last time preceding the accident, the bar had been carelessly replaced by some one. If it were the former, it would devolve upon the plaintiff affirmatively to establish it. Carney v. Minnesota Dock Co., 191 N. Y. 301, 84 N. E. 62. Not only has he failed to establish this, but the undisputed evidence is to the contrary. There is no evidence that the carelessness in replacing the bar was an act of any one for whose acts this defendant is responsible.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur, except WOODWARD and MILLER, JJ., who dissent.