(69 Misc. Rep. 492.)

### PREISS v. CITY OF NEW YORK.

(Supreme Court, Trial Term, Kings County. November, 1910.)

MUNICIPAL CORPORATIONS (§ 821*)—DEFECTIVE SIDEWALK—QUESTION FOR JURY.

In an action to recover for injuries sustained by one who stumbled over the end of an iron pipe projecting about 2½ inches above a cement sidewalk, it is a question for the jury whether the accident was reasonably to be apprehended.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

Action by Samuel Preiss against the City of New York. Verdict for plaintiff. Motion to set aside verdict denied.

George M. Curtis, Jr., for the motion.
Hugo Hirsh, opposed.

KAPPER, J. During the construction of certain buildings on Franklin avenue, Brooklyn, an iron pipe about an inch and a half in diameter lay across the sidewalk, with the end thereof turned upward about a foot or so from the curb. Later a new sidewalk of cement or concrete was laid upon this pipe, and around the end of it nearest the curb, so as to leave the end of the pipe projecting upward above the new sidewalk about 2½ inches. This condition continued for more than a year, and until the plaintiff, a pedestrian, in passing by, stumbled against the pipe and was thrown down and injured. The plaintiff recovered a verdict, which the defendant now moves to set aside upon the ground that, as a matter of law, the projecting pipe presents too slight a defect upon which negligence may be predicated.

This is not the case of a defective sidewalk, made so by wear and tear, but is an instance of direct interference with the right of passage. And while the defect in dimension was not extensive, it was noticeable, and, as established in this case, dangerous. Can it be said as a matter of law that reasonable minds would not differ as to whether or not such an obstruction should have warned those charged with the care of streets that an accident might happen, or that an

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

accident by reason of its presence was not reasonably to have been anticipated?

In Moroney v. City of N. Y., 117 App. Div. 843, 97 N. Y. Supp. 642, 103 N. Y. Supp. 1135, the flagging projected above that which adjoined it about two inches; but under the raised flagging was a space into which the plaintiff, a woman, caught her foot. It was held that whether or not this defect was such as to occasion reasonable apprehension that an accident might occur was a question of fact. The case was affirmed by the Court of Appeals without opinion. 190 N. Y. 560, 83 N. E. 1128.

In Wood v. Third Ave. R. R. Co., 91 Hun, 276, 36 N. Y. Supp. 253, affirmed 157 N. Y. 696, 51 N. E. 1094, a circular opening two inches in diameter in a manhole cover, placed there to aid in lifting the cover, caused the plaintiff, who was walking on crutches, to be injured by his crutch catching in the hole. The opening was held to constitute negligence, upon the ground that it was an unnecessary and dangerous interference with the street, even though the manhole itself was lawfully there.

The case of Archer v. City of Mt. Vernon, 57 App. Div. 32, 67 N. Y. Supp. 1040, is quite like that at bar. There an inch and a quarter water pipe which originally lay flush with the ground in an unpaved space between the curb and flagging was permitted to project above the ground four inches as the result of a change of grade. The plaintiff, while passing, stumbled over it. The jury's verdict in his favor was upheld.

The difference between the case last cited and the one at bar only makes in favor of the latter. In the case cited the obstruction was outside of the flagged portion of the sidewalk, and, being there described as a water pipe, it may be regarded as useful and necessary. Here the smooth flagging extended all the way to the curb, and nothing in the surroundings would be apt to indicate to the wayfarer the presence of the projecting pipe, nor was any reason whatever assigned for its existence.

The defendant offered no evidence, but rested on the plaintiff's case. From the evidence the jury were authorized to find that this pipe served no purpose whatever. It was a wholly unnecessary obstruction. While one walking along a city sidewalk might be expected to encounter slight depressions in the walk, he is not bound to anticipate a wholly unnecessary and idle piece of iron pipe, impacted in a concrete or cement walk, and projecting above its smooth surroundings 2½ inches. That a wayfarer might be hurt by striking against it could well be imagined. Whether or not the accident should have been apprehended by the city presented a question of fact, and upon that proposition the jury were fairly and properly charged, and without exception.

Motion to set aside verdict denied.

Motion denied.