(162 App. Div. 234)

CONLEY v. VILLAGE OF HUDSON FALLS. (No. 94—62.)

(Supreme Court, Appellate Division, Third Department. May 6, 1914.)

MUNICIPAL CORPORATIONS (§ 819*)—DEFECTIVE SIDEWALKS—INJURIES TO PEDESTRIANS—LIABILITY.

A village allowed, for the private purpose of the abutting owner, a water gate projecting above the sidewalk about two inches. It was within a foot of the curb, and about six feet from the other side of the walk. It had remained in the same position for 15 years. A pedestrian stumbled over the gate and was injured. There was no evidence, except the testimony of a son-in-law, that any one else had stumbled over the obstruction, or that any one had suggested that it was dangerous. Held, that a verdict adjudging the village liable was authorized.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

Appeal from Trial Term, Washington County.

Action by Lucinda Conley against the Village of Hudson Falls. From a judgment for plaintiff, and from an order denying a motion for new trial, made on the minutes, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John H. Van Valkenburgh, of Hudson Falls, for appellant.
W. E. Young, of Hudson Falls, for respondent.

WOODWARD, J. A very close question of law is involved in this appeal, and one which might be changed by comparatively trifling circumstances. The plaintiff, a woman 61 years of age, stumbled over a water gate in a cement sidewalk in the defendant village, receiving injuries for which the jury has awarded a verdict of $500. This water gate appears to have projected above the sidewalk about two inches. It was within one foot of the curb, and about six feet from the other side of the walk. The evidence showed that this water gate had been in this same position, and with a like projection, for a period of 15 years, and, aside from the testimony of a son-in-law of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff that he had stumbled over the same without falling, there was no evidence that any one had ever encountered this obstruction, or that any one had ever suggested that it was in any manner dangerous.

It merely appears that this obstruction existed apparently for the private purposes of the abutting owners, and that the street was a much-used highway; and the municipal authorities may be held to be liable for permitting such an obstruction for private purposes, where they would not be liable if the obstruction was shown to exist as a necessary part of some public utility. The case cannot, we think, be distinguished from that of Preiss v. City of New York, 69 Misc. Rep. 492, 127 N. Y. Supp. 498, and it is very much in line with that of Archer v. City of Mt. Vernon, 57 App. Div. 32, 67 N. Y. Supp. 1040, and we are inclined to the opinion that under all of the circumstances it was properly submitted to the jury, and that the verdict ought not to be disturbed.

The judgment and order appealed from should be affirmed, with costs. All concur.