IDA SAPHIR, Appellant, v. CHILDS COMPANY, INC., and Another, Respondents.— The action is to recover damages for personal injuries suffered by plaintiff while

on the sidewalk on Eighth avenue in New York city near the entrance to Madison Square Garden, from which place she emerged with a large crowd of people and was crowded near to the wall of the building owned by defendant Eighth Avenue and Fiftieth Street Corporation and occupied, in part, by defendant Childs Company, Inc. There she stumbled over a water faucet projecting about four inches from the wall at a distance of about six inches above the sidewalk. The action was brought on the theory both of nuisance and negligence. At times these causes of action so nearly merge into each other that it is difficult to separate them. (*Klepper* v. *Seymour House Corp.*, 246 N. Y. 85.) The complaint was dismissed at the close of the plaintiff's evidence. We think this was error. That which might ordinarily be regarded as a permissible obstruction may become a nuisance in fact and its maintenance negligent in view of its location (*Melker* v. *City of New York*, 190 N. Y. 481, 488), particularly when such obstructions are forbidden by ordinances, as is the case here. (New York City Code of Ordinances, chap. 5, art. 9, § 170.) Under such conditions the question of whether a sidewalk is in a reasonably safe condition for public use and free from nuisances in fact is a question for the jury. (*Bullock* v. *Mayor*, 99 N. Y. 654; *Murphy* v. *Leggett*, 164 id. 121; *McCloskey* v. *Buckley*, 223 id. 187; *Hoykendorf* v. *Bradley Contracting Co.*, 227 id. 204.) A permit for the private use of such an obstruction, issued by an officer or the board of the city without legal justification, does not make such obstruction legal. (*Clifford* v. *Dam*, 81 N. Y. 52; *Ackerman* v. *True*, 175 id. 353, 354.) Even minor obstructions tending to create danger by their particular location where they cannot readily be observed by one traveling the sidewalks may, as a question of fact, fix liability for injury on the one maintaining it. (*Archer* v. *City of Mount Vernon*, 57 App. Div. 32; *Preiss* v. *City of New York*, 69 Misc. 492; *Kirschenbaum* v. *Oschuetz*, 261 N. Y. 519; *Conley* v. *Village of Hudson Falls*, 162 App. Div. 234; *O'Connor* v. *Dubnizky*, 226 id. 571; *Powers* v. *Village of Mechanicville*, 163 id. 138.) If in fact a nuisance exists, then both the owner and the lessee may be liable. (*Swords* v. *Edgar*, 59 N. Y. 28, 34; *Timlin* v. *S. O. Co.*, 126 id. 514.) Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.