MARGUERITE ROHLFS and Another, Appellants, *v.* LOUIS WEIL, Defendant, Impleaded with STRAUSS & Co., INC., and Another, Respondents.

Second Department, May 13, 1935.

*Edward Ward McMahon* [*John F. Kiernan* with him on the brief], for the appellants.

*John V. Downey* [*James B. M. McNally* with him on the brief], for the respondent Strauss & Co., Inc.

*Bertrand L. Pettigrew* [*William Felstiner* with him on the brief], for the respondent Gotham Silk Hosiery Co., Inc.

PER CURIAM. A jury question was presented as to whether or not it was a nuisance in fact to suspend a scaffold above the sidewalk, at a heavily traveled street corner in Manhattan, without a warning to pedestrians that an activity involving danger to them was being carried on above their heads, in view of there being no provision in the lease for warning or protection to the public.

The two corporate defendants correspond to an owner in possession of a building abutting a public street. The duty involved is founded on possession, however, rather than ownership. There is imposed by law on such an occupier an absolute duty which cannot be shifted to an independent contractor so far as a pedestrian

is concerned. (*Doll & Sons* v. *Ribetti*, 203 Fed. 593, 596.) That duty is to maintain the building in a condition that is not dangerous to the traveling public. (*Appel* v. *Muller*, 262 N. Y. 278, 280.)

The duty is to refrain from interfering with the paramount right of pedestrians to safe and unimpeded use of the street, and that duty may not be divested by committing to an independent contractor an activity relating to the building when that act invades the pedestrian's paramount right. (*Saphir* v. *Childs Co., Inc.*, 243 App. Div. 636, 637; *Uggla* v. *Brokaw*, 117 id. 586, 592; *McNulty* v. *Ludwig & Co.*, 153 id. 206, 214; *Melker* v. *City of New York*, 190 N. Y. 481, 488; *Philadelphia, B. & W. R. Co.* v. *Mitchell*, 107 Md. 600, 606; 69 A. 422; *McHarge* v. *Newcomer*, 117 Tenn. 595, 616; 100 S. W. 700.)

Defendant Gotham Silk Hosiery Co., Inc., leased the use of space on its building with knowledge that the user, producing revenue to it, could be enjoyed only by invading the space above the public street or sidewalk, with potential danger to pedestrians. Strauss & Co., Inc., leased the space, for revenue benefits to it, with the same knowledge.

*Hexamer* v. *Webb* (101 N. Y. 377) is not to the contrary. A scaffold there was suspended over private property some distance from the highway. It was recognized that a different situation would be presented if the scaffold had been suspended over the street and " could be regarded as such an obstruction to the street as to constitute a nuisance." The action was based on negligence.

It is common knowledge that when operations of this character are carried on in New York city by means of suspending devices or objects from buildings abutting the street so that they may hang over the heads of pedestrians or wayfarers, warnings are given to pedestrians that the area has thus become dangerous so that they may avoid the danger zone. The suspension of such a device over the heads of pedestrians on a thickly traveled portion of the sidewalk presents a condition of potential danger. Its effect is to invade the paramount right of the pedestrian to a safe way upon the public street.

In the *Hexamer* case the holding was that the suspension of such a scaffold over private property fifteen feet from the street was not intrinsically dangerous. The suspension of the same object, however, directly over the heads of pedestrians and thus invading the space above the public street is, to the knowledge of city dwellers, intrinsically dangerous. A holding to the contrary if the street there involved be in a congested part of a town, in *Weilbacher* v. *Putts Co.* (123 Md. 249; 91 A. 343), is disapproved, especially since that case does not satisfactorily distinguish the

prior holding of the same court in *Philadelphia, B. & W. R. Co.* v. *Mitchell* (107 Md. 600; 69 A. 422) or *McHarge* v. *Newcomer* (117 Tenn. 595; 100 S. W. 700).

The invasion by a scaffold of the area above the public street may be found by a jury to be a nuisance in fact, independently of whether or not the operation was carried on in violation of an ordinance or a statute (*Vanderpool* v. *Husson*, 28 Barb. 196), because a jury may say that prudence required warnings of the use of such an intrinsically dangerous medium at such a place.

It is the duty of those controlling property abutting the high-ways so to use their property as not to endanger the public while in the exercise of its rights to a free and unobstructed use of the public street, unless seasonable warning of danger be given or required by the entity for whom the operation was being performed.

The judgment in so far as it dismisses the complaint against the two corporate defendants should be reversed on the law and a new trial granted, with costs to abide the event.

YOUNG, HAGARTY, CARSWELL and SCUDDER, JJ., concur; LAZANSKY, P. J., concurs in the result, being of opinion that the invasion of the sidewalk by the scaffold, in the performance of work which was not incidental to the ordinary and usual uses of the building, created a nuisance as a matter of law.

Judgment in so far as it dismisses the complaint against the two corporate defendants reversed on the law and a new trial granted, with costs to abide the event.