Charles M. Hughes, J.
This is a motion by the defendant for judgment upon the pleadings. This motion is made upon the complaint as amplified by the bill of particulars, supplemental bill of particulars and the answer. The motion is brought pursuant to rule 112 of the Rules of Civil Practice. It is the contention of the defendant that the complaint fails to state sufficient facts to constitute a cause of action.
The complaint alleges that one Richard Springstead sustained injuries about the head and body as the result of the negligent operation of an automobile by the defendant, Burton Sacia. The occurrence took place on February 6, 1950 at which time *244 the said Richard Springstead was three years of age. The plaintiff infant herein, Terry Jay Firman, was shot with a .25 caliber rifle by Richard Springstead on or about March 12, 1957.
The plaintiff’s theory is unique in nature. Allegations of ultimate fact in the complaint arc, for the purpose of this motion, accepted as true. The court, however, accepts only ultimate facts as pleaded. The legal conclusions to be drawn therefrom are within the province of this court. Where the facts are accepted as undisputed, the question of proximate cause is one for the court. (Hoffman v. King, 160 N. Y. 618, 628; Cole v. Swagler, 308 N. Y. 325; Restivo v. Conklin, 171 App. Div. 481.)
It is claimed that the initial automobile accident and injury to the infant, Richard Springstead, are related to the injuries suffered by the infant plaintiff by reason of the fact that the said Richard Springstead was in such a physical and mental condition that he shot the infant plaintiff. That at the time of the shooting, he was unable to realize the nature and consequence of his act, was not able to resist pulling the trigger of the rifle and was deprived of his capacity to govern his conduct in accordance with reason. The bills of particular allege that the defendant negligently and carelessly set into operation a force that continued undetected until culminating in the shooting of the infant plaintiff and that the negligence of the defendant set into operation an involuntary force which was likely to injure others, including the infant plaintiff,
The essence of the problem presented is whether or not it can be said as a matter of law that an accident in March, 1950 is the proximate cause of an injury received by a third party, a stranger to the accident, some seven years hence. The three-year Statute of Limitations covering personal injury actions is not before this court on this motion.
A scholarly discussion of what constitutes negligence, proximate cause and foreseeability is presented by both parties. All the leading authorities on the subject matter are presented in the six briefs before this court. However, no case in point has been cited, nor any case analogous to the facts presented in this action, has been brought to the attention of the court.
It must be noted that the primary accident occurred over seven years before the infant plaintiff sustained his injuries. The expiration of such a length of time militates against foreseeability and proximate cause of the injury. The lapse of time standing alone, however, will not prevent an act from being the proximate cause of subsequent injury. The intervention of *245 other causes and the break of the chain of events is very likely to occur where the time lapse is considerable in length. (See Bird v. St. Paul Fire & Marine Ins. Co., 224 N. Y. 47.)
In the present case, the defendant may have been negligent with respect to the Springstead boy, but that negligence was not of such nature that it can bo said to be the proximate cause of the present plaintiff’s injuries. It is generally accepted that an act or omission does not constitute actionable negligence, unless a reasonably prudent person, placed in the position of the actor, would have foreseen the probability of harm resulting from his acts or omissions. The initial negligence of the defendant came to rest. The subsequent shooting of the plaintiff was not a natural and probable consequence that could have been foreseen. It can be asked Avhether the defendant should have foreseen or anticipated that his initial negligence would, seven years hence, put a gun in the hands of an infant and that the infant Avould inflict injury upon the present plaintiff. The inquiry is self-ansAvering. (See Laidlaw v. Sage, 158 N. Y. 73; Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339 and O’Neill v. City of Port Jervis, 253 N. Y. 423.)
■The plaintiff’s motion for a judgment upon the pleadings is granted in accordance Avith the foregoing opinion.
Submit order.