### CLEVELAND CITY RAILWAY CO. v. ALICE EBERT.

**1. CONFLICTING EVIDENCE—VERDICT CONCLUSIVE.**

Where the evidence is conflicting a reviewing court is not authorized to disturb the verdict of the jury.

**2. NO RECOVERY FOR FRIGHT.**

No recovery can be had for injuries resulting from fright merely, caused by the negligence of another, where no personal injury is received.

**3. WRONGFUL ACT CAUSING PAIN AND FRIGHT.**

Where there was a wrongful act on the part of another, causing physical injury as well as fright, then the fright and its consequences and mental suffering may be considered in assessing damages.

**4. RULE AS TO SUCH ACTIONS.**

Where the tortious act is such as to create a cause of action in favor of the injured person, independent of the fright and shock resulting therefrom, the case falls within the rule above stated.

**5. PERSON WRONGFULLY EJECTED FROM CAR.**

In assessing damages in favor of a person wrongfully ejected from a street railway car, the shock and mental suffering may be taken into account.

ERROR to the Court of Common Pleas of Cuyahoga county.

HALE, J.

The claim made that the verdict is against the weight of the evidence, cannot be sustained.

Whether the defendant in error was wrongfully ejected from the car depended upon the fact whether she had paid her fare or not. The evidence upon this issue was conflicting. The defendant in error and her sister both testified positively that it was paid by the sister. This the conductor denies, and he is corroborated by some of the circumstances surrounding the transaction. The jury found against the company on this issue. And the evidence is so conflicting that a reviewing court would not be authorized to disturb the finding.

The principal error of law made upon the record is, whether the shock which the defendant in error claims to have received, and its consequences, should be considered in the assessment of damages.

It seems to be settled by a decided weight of authority that no recovery can be had for injuries resulting from fright, merely, caused by the negligence of another, where no personal injury is received. Mitchell v. Railway Co., 45 N. E., 354; Ewing v. Railway Co., 147 Pa. St., 40; Warren v. Railway Co., 163 Mass., 484; Spade v. Railway Co., 47 N. E., 88. There are many other cases to the same effect.

It is equally well settled that if there was a wrongful act on the part of the defendant causing physical injury as well as fright, then the fright and its consequences and mental suffering may be considered in the assessment of damages.

Just what wrongful act or physical injury will bring the case within this latter rule is not very definitely defined; but an examination of the cases leads to the conclusion that where the tortious act is such as to create a cause of action in favor of the injured person, independent of the fright and shock resulting therefrom, the case falls within the latter rule.

By the finding of the jury, the railway company wrongfully ejected the defendant in error from its car, from which a cause of action arose in her favor against the company, and in the assessment of damages for such wrongful act, the shock received and her mental suffering might properly be taken into account.

This question arose, as shown by the record in the rulings made in the introducton of evidence, and in the charge of the court. In neither was there any error.

We find no error in any of the rulings upon the admission and rejection of the evidence.

The judgment of the court of common pleas is affirmed.

*Squire, Sanders & Dempsey,* for plaintiffs in error.

*Hart, Canfield & Callagan,* for defendant in error.