## MACEDONIA-NORTHFIELD BANKING CO et v JONES

Ohio Appeals, 9th Dist, Summit Co

No 2210. Decided July 3, 1934

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for plaintiffs in error Macedonia-Northfield Banking Co., Charles W. Seiberling and Lee H. Beers.

Paul Howland, Cleveland, and Galvin & Babin, Cleveland, for plaintiff in error The Wm. J. Burns International Detective Agency, Inc.

Francis J. Cook, Cleveland, Donald Gottwald, Akron, and A. R. McCarthy, Bedford, for defendant in error.

360

## OPINION

By FUNK, J.

We have carefully read the entire record and examined all of the exhibits, and we are unanimous in the conclusion that, considering the information which the defendants the Macedonia-Northfield Banking Co., Lee H. Beers and Charles W. Seiberling had and the sources thereof, and all the surrounding circumstances as shown by the evidence, the verdict of the jury finding that said defendants acted without probable cause in doing what they did in reference to the prosecution against the plaintiff, Jones, is manifestly against the weight of the evidence and should be reversed.

With reference to the defendant said Burns International Detective Agency, we have been unable to reach the same conclusion.

Having reference to the evidence in the record, we think that the jury was justified in finding that Jones was called to Bedford for examination at the instance of said detective agency; that such examination 'was made under the supervision of such agency; that such agency knew just how and under what circumstances Jones offered to pay money to the bank, knew the reputation of the two witnesses concerning the stalled automobile, of their manifest interest in a reward, and of what reliance should be placed upon their statements, and knew also of the statements over the telephone of Jones' teacher as to his whereabouts on the day of the robbery; and if the jury found that Jones was not taken to the residence of Beers upon his (Jones') request, then the jury would have been justified in finding that he was taken there at the instance of said agency, and that such agency did not convey to the other defendants all of the information known to it which tended to indicate a want of probable cause for the filing of the affidavit for the arrest of Jones. In view of the foregoing, we cannot find that the verdict against such agency is manifestly against the weight of the evidence.

However, as has been said, the verdict in this case included exemplary damages, and it is urged that the judgment against such agency should be reversed for that reason.

It appears from the record that the defendant the Macedonia-Northfield Banking Co. was a member of the American Bank-

ers Association, which association had a contract with said Burns International Detective Agency, under which said detective agency was employed to investigate and report upon all criminal matters referred to it by the American Bankers Association.

Said Macedonia-Northfield Banking Co., Beers and Seiberling had nothing to do with the selection of said Burns Agency, and the agency did not, in anything which it did, act as the agent of the said banking company, Beers or Seiberling, nor was it paid anything by any of said parties; its employment was solely by the American Bankers Association, its pay came from said association, and it reported to the association the results of its investigations. However, the loss to the bank had already been paid by its insurance company, which was not the American Bankers Association, so that the activities of the detective agency cannot be said to have been an attempt upon the part of the officials of said banking company to recover the stolen money for the bank.

It is urged by counsel for the defendant said Burns Detective Agency, that it, being a corporation, cannot be held liable for punitive damages unless it authorized, ratified or participated in the wrongdoing, and in support of that contention, cite **Power & Light Co. v Harrison, 109 Oh St 526**, and **Tracy v Coal & Land Co., 115 Oh St 298.**

It is further claimed that there is no evidence in the record herein showing authorization, ratification or participation by said Burns Agency itself in the wrongdoing in question.

With that contention this court is in entire accord.

Perhaps as concise a statement of the Ohio rule as may be found, is that contained in 13 O. J., "Damages," §147, beginning at page 250, as follows:

"That a corporation is liable for compensatory damages if the employee be acting within the scope of his employment, although his action be wilful and malicious and against the express orders of the corporation, there can be no question. But in Ohio, punitive damages cannot be allowed under these circumstances; according to the rule laid down by the courts of this state, a corporation is not liable for punitive damages for the misconduct of an employee, unless the corporation through its ruling officers participates in, acquiesces in, or ratifies the act of the agent, or knew that he was of such character as to be liable to commit such act, though the earlier cases made no such limitation."

The trial court having charged that the jury, in its discretion, might award punitive damages "in the event that you find that the plaintiff has shown, by a preponderance of the evidence, that the defendants, or some of them, were prompted by actual malice as I have previously defined that term to you, or if you find that the defendants, or some of them, had the opportunity to investigate the facts and that they failed to make such investigation, and that they wantonly and in reckless disregard of the rights of the plaintiff instigated the prosecution of the plaintiff without probable cause," erroneously stated the rule in Ohio as laid down in the cases above cited, and thereby committed prejudicial error requiring a reversal of the judgment against said Burns International Detective Agency.

Disposition of that question makes unnecessary a consideration of the other errors assigned by said defendant.

Judgment reversed and cause remanded, with exceptions to plaintiff.

WASHBURN, PJ, and STEVENS, J, concur in judgment.