## CHRISTIAN JOCH

*v.*

## HENRY DANKWARDT, for use, etc.

1. LAW AND FACT—*as to competency of servant employed.* In a suit by a miner to recover for personal injury while being lowered into the mine, from the alleged incompetency of the engineer, the court should give only the law as to the liability of the defendant in case of negligence in the employment of an incompetent engineer, without intimating any opinion in regard to the force of the evidence showing such negligence. What time or training is requisite to make one a competent engineer, is no question of law, but one of fact only.

2. MEASURE OF DAMAGES—*mental suffering no element in case of injury by negligence.* In a suit to recover for a personal injury, caused by the employment of an incompetent servant, mental suffering of the plaintiff is not a distinct element of damages, in addition to bodily suffering.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding.

Mr. WILLIAM WINKELMAN, for the plaintiff in error.

Messrs. C. W. & E. L. THOMAS, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit to recover damages for injuries sustained by the plaintiff, a coal miner, in being lowered into a coal mine of the defendant, in whose employ he was, mining coal. A recovery was had by the plaintiff, and the defendant appealed.

The giving of two instructions for the plaintiff is assigned for error. The instructions were:

"The court instructs the jury, that proof of the employment of one who had always been a manual laborer or a mule driver, to run a steam engine, raises a presumption of negligence of the master, without showing that he had actual notice of the servant's antecedents, if you believe, from the evidence, that such laborer had been employed and was in charge when plaintiff received the injuries complained of in this suit."

"The court instructs the jury, that if they find for the plaintiff, he, as the party aggrieved, is entitled to recover, not only for actual expenses, including medical attendance, but also a reasonable compensation for mental and bodily suffering, loss of time, and for any permanent or incurable injury sustained by him, if you believe any has been proved."

The occasion of the injury was, in being precipitated to the bottom of the mine while being lowered into it in a cage containing the plaintiff and some others, which was operated by means of a steam engine and machinery, which one Schaffer had the charge of, as engineer, and it was claimed that the accident occurred in consequence of his negligent mismanagement as the engineer.

The testimony affording the basis for the first instruction, was to the effect that Schaffer, before he became engineer, was a laborer and drove mules in the mine; that defendant's sons taught him to run the engine; that he had only worked at defendant's mine four or five, or, at most, six months.

This first instruction was manifestly erroneous. What con-

stituted negligence in the employment of an incompetent engineer, was entirely a question of fact for the jury, and it was error for the court to instruct that the fact named in the instruction raised a presumption of negligence. What time or training is requisite to make one a competent engineer, is no question of law, but one of fact solely. The court should have only laid down the rule of law as to the liability of the defendant in case of negligence in the employment of an incompetent engineer, without intimating any opinion in regard to the force of the evidence, as showing such negligence. The instruction was calculated to do harm to the defendant, and in view of the evidence we must consider that the instruction probably influenced the finding of the verdict against him.

The other instruction, too, was improper, in allowing compensation for mental suffering, as a distinct element of damage in addition to bodily suffering.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*