ANNIE MITCHELL, Respondent, *v.* ROCHESTER RAILWAY
COMPANY, Appellant.

NEGLIGENCE — INJURIES RESULTING FROM FRIGHT.   No recovery can
be had for injuries sustained by fright occasioned by the negligence of
another, where there is no immediate personal injury.
*Mitchell* v. *Rochester Rway. Co.*, 77 Hun, 607, reversed.

(Argued October 21, 1896 ; decided December 1, 1896.)

APPEAL from an order of the General Term of the Supreme
Court in the fifth judicial department, entered April 17, 1894,
which affirmed an order made on the minutes of the trial
judge setting aside a nonsuit and granting a new trial.

This action was brought to recover damages for a personal
injury alleged to have been caused by the defendant's
negligence.

The facts, so far as material, are stated in the opinion.

*Charles J. Bissell* for appellant.   To make out a cause of
action it must be established, not only that a defendant was
guilty of a negligent act, but that the injury was produced by
a cause which might naturally and reasonably be expected to
follow from the negligent act.   (Boswell on Civil Liability,
134, 135 ; Wharton on Negligence, §§ 73–155 ; *Tutein* v.
*Hurley*, 98 Mass. 211 ; *Lowery* v. *M. R. Co.*, 99 N. Y.
158 ; *Lehman* v. *B. C. R. R. Co.*, 47 Hun, 355 ; *Ewing* v.
*P. C. C. & S. L. Co.*, 147 Penn. St. 40 ; *V. R. R. Comrs.* v.
*Coultas*, L. R. [13 App. Cas.] 222.)   Fright alone, occasioned
by the negligent act of another person, cannot be made the
basis of an action.   (*Wyman* v. *Leavitt*, 71 Me. 227 ; *Rock*
v. *Dennis*, 4 Mont. L. R. 356 ; *Johnson* v. *Wells*, 6 Nev.
224 ; *Lynch* v. *Knight*, 9 H. of L. 577 ; *Renner* v. *Canfield*,
36 Minn. 90 ; Maine on Damages [Wood's Note], 70, 74 ;
*Canning* v. *Williamstown*, 1 Cush. 451 ; *Platt* v. *F. S. S.
& G. S. F. R. R. Co.*, 2 Hun, 124 ; *Creamer* v. *W. E. R.
R. Co.*, 156 Mass. 320 ; *Donovan* v. *H. S. R. Co.*, 65 Conn.
201 ; *So Rell Case*, 55 Tex. 308.)

*Norris Bull* for respondent.  The defendant was negligent. (1 S. & R. on Neg. [4th ed.] § 5; *Smith* v. *S. P. C. R. Co.*, 16 Am. & Eng. R. Cas. 310; *Mullen* v. *St. John*, 57 N. Y. 567; *Cahilin* v. *Cochran*, 1 N. Y. S. R. 583; *Palmer* v. *D. & H. C. Co.*, 120 N. Y. 170; *Rigdon* v. *A. L. Co.*, 37 N. Y. S. R. 514; *Kreuzen* v. *F. S. S., M. & St. N. A. R. R. Co.*, 38 N. Y. S. R. 461; *Holbrook* v. *U. & S. R. R. Co.*, 12 N. Y. 236; *Curtis* v. *R. & S. R. R. Co.*, 18 N. Y. 536.)  The plaintiff was a passenger upon defendant's railroad.  (*Grimes* v. *Penn. Co.*, 36 Fed. Rep. 72; *Gordon* v. *G. S. & N. R. R. Co.*, 40 Barb. 546; *Smith* v. *S. P. C. R. Co.*, 16 Am. & Eng. R. Cas. 310; S. & R. on Neg. [4th ed.] §§ 488, 490; *Brien* v. *Bennett*, 8 C. & P. 724.)  The negligence of the defendant was the proximate cause of the injury.  (*Ehrgott* v. *Mayor, etc.*, 96 N. Y. 264; *M., etc., R. Co.* v. *Kellogg*, 94 U. S. 469; *Ryan* v. *N. Y. C. R. R. Co.*, 35 N. Y. 210; 1 S. & R. on Neg. [4th ed.] § 30; *Ring* v. *City of Cohoes*, 77 N. Y. 83; *Martin* v. *N. Y., O. & W. R. Co.*, 62 Hun, 181; *Pollett* v. *Long*, 56 N. Y. 201; *Gibney* v. *State*, 137 N. Y. 1; *Hill* v. *Kimble*, 76 Tex. 210; *Barbie* v. *Reese*, 60 Miss. 906; *Stutz* v. *C., etc., R. Co.*, 73 Wis. 147.)  The plaintiff was not guilty of contributory negligence.  (*McNally* v. *P. Ins. Co.*, 137 N. Y. 389; *Gordon* v. *G. S. & N. R. R. Co.*, 40 Barb. 546; *Yoakum* v. *Kroeger*, 27 S. W. Rep. 953.)

MARTIN, J.  The facts in this case are few and may be briefly stated.  On the first day of April, 1891, the plaintiff was standing upon a crosswalk on Main street in the city of Rochester, awaiting an opportunity to board one of the defendant's cars which had stopped upon the street at that place.  While standing there, and just as she was about to step upon the car, a horse car of the defendant came down the street.  As the team attached to the car drew near, it turned to the right and came so close to the plaintiff that she stood between the horses' heads when they were stopped.

She testified that from fright and excitement caused by the

approach and proximity of the team she became unconscious, and also that the result was a miscarriage and consequent ill- ness. Medical testimony was given to the effect that the mental shock which she then received was sufficient to produce that result.

Assuming that the evidence tended to show that the defendant's servant was negligent in the management of the car and horses, and that the plaintiff was free from contribu- tory negligence, the single question presented is whether the plaintiff is entitled to recover for the defendant's negligence which occasioned her fright and alarm, and resulted in the injuries already mentioned. While the authorities are not harmonious upon this question, we think the most reliable and better considered cases, as well as public policy, fully justify us in holding that the plaintiff cannot recover for injuries occasioned by fright, as there was no immediate personal injury. (*Lehman* v. *Brooklyn City R. R. Co.*, 47 Hun, 355; *Victorian Railways Commissioners* v. *Coultas*, L. R. [13 Appeal Cases] 222; *Ewing* v. *P., C. & St. L. Ry. Co.*, 147 Penn. St. 40.) The learned counsel for the respondent in his brief very properly stated that, "The consensus of opinion would seem to be that no recovery can be had for mere fright," as will be readily seen by an examination of the following additional authorities: *Haile* v. *Texas & Pacific R. Co.* (23 Lawyers' Rep. 774); *Joch* v. *Dunkwardt* (85 Ill. 331); *Cun- ning* v. *Inhabitants of Williamstown* (1 Cush. 451); *Western Union Tel. Co.* v. *Wood* (57 Fed. Repr. 471); *Renner* v. *Can- field* (36 Minn. 90); *Allsop* v. *Allsop* (5 Hurl. & Nor. [N. S.] 534); *Johnson* v. *Wells, Fargo & Co.* (6 Nev. 224); *Wyman* v. *Leavitt* (71 Me. 227).

If it be admitted that no recovery can be had for fright occasioned by the negligence of another, it is somewhat diffi- cult to understand how a defendant would be liable for its consequences. Assuming that fright cannot form the basis of an action, it is obvious that no recovery can be had for injuries resulting therefrom. That the result may be nervous disease, blindness, insanity, or even a miscarriage, in

no way changes the principle. These results merely show the degree of fright or the extent of the damages. The right of action must still depend upon the question whether a recovery may be had for fright. If it can, then an action may be maintained, however slight the injury. If not, then there can be no recovery, no matter how grave or serious the consequences. Therefore, the logical result of the respondent's concession would seem to be, not only that no recovery can be had for mere fright, but also that none can be had for injuries which are the direct consequences of it.

If the right of recovery in this class of cases should be once established, it would naturally result in a flood of litigation in cases where the injury complained of may be easily feigned without detection, and where the damages must rest upon mere conjecture or speculation. The difficulty which often exists in cases of alleged physical injury, in determining whether they exist, and if so, whether they were caused by the negligent act of the defendant, would not only be greatly increased, but a wide field would be opened for fictitious or speculative claims. To establish such a doctrine would be contrary to principles of public policy.

Moreover, it cannot be properly said that the plaintiff's miscarriage was the proximate result of the defendant's negligence. Proximate damages are such as are the ordinary and natural results of the negligence charged, and those that are usual and may, therefore, be expected. It is quite obvious that the plaintiff's injuries do not fall within the rule as to proximate damages. The injuries to the plaintiff were plainly the result of an accidental or unusual combination of circumstances, which could not have been reasonably anticipated, and over which the defendant had no control, and, hence, her damages were too remote to justify a recovery in this action.

These considerations lead to the conclusion that no recovery can be had for injuries sustained by fright occasioned by the negligence of another, where there is no immediate personal injury.

The orders of the General and Special Terms should be

reversed, and the order of the Trial Term granting a nonsuit affirmed, with costs.

All concur, except HAIGHT, J., not sitting, and VANN, J., not voting.

Ordered accordingly.