POWELL v. HUDSON VALLEY RY. CO.

(Supreme Court, Appellate Division, Third Department.   November 11, 1903.)

1. CARRIERS—STREET RAILROADS—INJURIES TO PASSENGERS—DAMAGES—EVIDENCE.

Plaintiff was injured from fire communicated to her feet and dress while riding on defendant's street car by friction caused by a contact between a wheel of the car and an iron plate over the same, drawn together by the overcrowded condition of the car. Shortly thereafter plaintiff suffered from nervous prostration, and there was evidence that it was the result of the shock caused by the burns. *Held*, that a finding that plaintiff's nervous prostration was the result of the injury, and was not occasioned by mere fright, was not against the weight of evidence.

2. SAME—VARIANCE.

Where defendant railway company was organized by consolidation of the G. & S. and S. & M. Railway Companies, the fact that the complaint in an action for injuries to a passenger charged that the injuries occurred on the line operated by the S. & M. Railway Company, while the proof showed that it was in fact on the G. & S. Railway Company's line, did not constitute a prejudicial variance.

3. SAME—EVIDENCE—HARMLESS ERROR.

Where, in an action for injuries to a passenger on a street car, it was conclusively proved that the conductors of one of the constitutent railways forming defendant consolidated company were on the cars, taking fares, error, if any, in permitting the introduction of reports by one of such amalgamated companies, tending to show that it was operating the road, was harmless.

4. SAME—VARIANCE.

Where a complaint in an action for injuries to a passenger on a street car charged negligence, in permitting the bearings on one of the wheels

to become overheated, a variance between such allegation and the proof, which showed that the bearings were not overheated, but that the plate over the wheel was overheated by friction caused by the plate being pressed against the wheel, which proof was made by defendant's witnesses, was not material.

5. SAME—TRIAL—EVIDENCE—MOTION TO STRIKE.

Where some of the evidence given by a witness was proper for the consideration of the jury, a motion to strike out all of his evidence was properly overruled.

6. SAME—EVIDENCE—PRESUMPTION OF NEGLIGENCE.

Where a passenger on a street car was injured by the overheating of a plate over a wheel by friction caused by the overloading of the car, the heating of the plate raised a presumption of negligence on the part of the company.

Appeal from Trial Term, Washington County.

Action by Mary Powell against the Hudson Valley Railway Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

The defendant is a surface street railroad corporation organized by the consolidation of other lines, of which the Greenwich & Schuylerville Electric Railroad Company was one, and the Stillwater & Mechanicville Street Railroad Company was another. The Greenwich & Schuylerville Electric Railroad Company operated a line between Ft. Edward and Greenwich, in Washington county. Upon the 4th day of July, 1901, this plaintiff became a passenger upon one of the cars of the Greenwich & Schuylerville Electric Railroad Company. The car was crowded with passengers, so that there was no seat for her to occupy. She stood upon the floor of the car, directly over one of the wheels. By reason of the overcrowded condition of the car, as has been found by the jury, the plate above the wheel was pressed down upon the wheel of the car, so that the friction caused by the contact heated the plate upon which the plaintiff was standing until she was, to an extent, burned. Her shoes and her feet were burned, and her dress caught on fire. This defendant has been charged with damages by reason of the injuries which the jury has found were the result thereof. Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

J. A. Kellogg, for appellant.
A. N. Richards, for respondent.

SMITH, J. That the plaintiff's health has been seriously impaired is not questioned by the appellant upon the argument of this appeal. No question is made that the damages are excessive, except as lies in the contention of the defendant that the plaintiff's present condition was not caused by an agency for which the defendant is responsible. The cause of the plaintiff's nervous condition was examined with great care and exhaustiveness in the trial of the case. A question of fact was clearly presented, upon which the jury has determined that the injury received upon the car of the Greenwich & Schuylerville Electric Railroad Company was its cause. This condition seems to have followed close upon the injury, and, upon all the evidence in the case, we are not prepared to say that the conclusion of the jury was reached through any improper motive. No question is made that for the liabilities existing against any of the constituent

railroads this defendant is, under the statute, responsible. We disagree, therefore, with the contention of the appellant that the verdict is against the weight of evidence.

In the complaint in this action the injury is alleged to have occurred upon the line operated by the Stillwater & Mechanicville Street Railroad Company, another one of the constituent companies embraced in the consolidation. But the place of the accident was there stated. The defendant is responsible for the liabilities of both roads. It could not have been misled by this error of statement in the complaint, nor does it claim to have been misled thereby. The trial court could well have amended the pleading, and this court can, if necessary, direct such an amendment, to sustain this judgment. Without a claim of prejudice resulting from the variance, it could clearly be disregarded.

The proof is to the effect that the conductor who took the plaintiff's fare was in the employ of the Greenwich & Schuylerville Electric Railroad Company. Some reports were admitted in evidence, made by this same company under the authority of the statute, by which it appeared that this was the company operating this road. These reports were as to a time prior to the accident. Their admission is challenged by the defendant as not proper evidence of the fact that this company was operating this road at this time. With the proof conclusive, however, that the conductors of this road were upon the cars, taking fares, it would seem unnecessary to discuss the question as to whether the reports were competent evidence. Even if incompetent, their reception was harmless.

In the complaint the negligence charged is in permitting the bearing upon one of the wheels to become overheated. The proof is not that the bearings were overheated, but that the plate over the wheel was overheated by reason of the friction caused by the plate being pressed down upon the wheel. The proof as to the exact cause of the accident was made by the defendant's witnesses. This cause was known to them, and was not known to the plaintiff. To hold that her recovery upon this trial should be defeated through a variance which has in no way misled the defendant would be an unnecessarily strict application of the rules of pleading.

Considerable evidence was given by the plaintiff in an attempt to prove that this overheating was caused through negligence in the construction of the electrical apparatus of the car. A motion was thereafter made to strike out the evidence of this witness. There was some of the evidence of this witness, however, which was proper for the consideration of the jury, so that the defendant was not entitled to a ruling that all of this evidence be stricken out. The defendant's contention might well have been answered that his motion was too broad, and that he should have moved to strike out simply the evidence as to the electrical apparatus of the car, which was at that state of the case claimed to be improper. It is difficult to see, however, how the defendant could have been prejudiced, even if this testimony had been allowed to remain against a motion properly made. The duty of the operating road to its passengers was to use the utmost diligence and care for the protection of the pas-

sengers. The heating of this plate raised a presumption of the failure to exercise such care, which has been nowhere answered in this case. With the defendant's fault established, the only questions for the consideration by the jury arose upon the extent of the injuries and the claim of contributory negligence on the part of the plaintiff. The presence, therefore, of the evidence in the case, whether proper or improper, can have no bearing upon any of the issues which were properly·sent to the jury for its determination.

We have stated our disagreement with the defendant's contention that the verdict was against the weight of evidence. In this connection it is strongly insisted that, upon the proof, the plaintiff's nervous condition was not caused by the negligence of the operating railroad, except as it was caused through mere fright occasioned thereby. The contention of the experts called on behalf of the defendant was that the plaintiff's nervous condition was caused by diseased organs. The plaintiff claims, however, to have established that the cause of her nervous prostration was the injury which she received upon the day in question. One of the plaintiff's expert witnesses was asked the following question:

"Q. Do you think that a person who was not burned any more than on the bottom of the clothes—you have seen these clothes—if she was not burned any more than that, that that would have any effect upon her nervous system? A. You mean the physical burn itself? Q. Yes, the physical burn. A. I do not think it would. I am sure it would not. Q. So that you lay the whole thing to the scare? A. Yes, sir."

It is claimed from this evidence that the witnesses on behalf of the plaintiff did not show that the physical injury itself had any connection with the plaintiff's present nervous condition. But this testimony, read in connection with the other testimony in the case, will not support this argument. The witness had stated that, in his opinion, her condition was caused by the injury and by the shock and fear, and proceeds to say: "Q. The physical and mental shock? A. The combination of the physical and mental shock that accompanied the burning of the feet, and the accident." At another time he was asked: "Q. That burn on the foot caused that injury to the nervous system? A. It helped to cause the fright." He again swore: "My theory is that the condition of this woman is due to the accident and the fright." In Mitchell v. Rochester Railway Company, 151 N. Y. 107, 45 N. E. 354, 34 L. R. A. 781, 56 Am. St. Rep. 604, the Court of Appeals held that no recovery can be had for injuries sustained by fright occasioned by the negligence of another, where there is no immediate personal injury. Our courts have never held, however, that, where there is a physical injury for which a party is legally responsible, that party is not responsible for any damages which follow from the shock or fright incident thereto. While, from the cross-examination of Dr. Sanford, some expressions, read by themselves, might seem to indicate that the burns themselves had no connection with the present nervous condition of the plaintiff, the inference is irresistible, from the evidence taken as a whole, that the nervous condition of the plaintiff was in part due to the shock caused by the burns themselves.

That the question of plaintiff's contributory negligence was properly submitted to the jury can hardly be questioned. We are unable to find any legal justification for interfering with the conclusion which they have reached.

The judgment and order should therefore be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.