## BUCHANAN v. STOUT.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. ANIMALS—DOGS—TRESPASS—LIABILITY.

Trespass does not lie merely because one's dog wanders upon another's premises, at least when not accompanied by the owner.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Animals, § 334.]

2. DAMAGES—MENTAL DISTRESS—RIGHT TO RECOVER.

One may not recover for mental distress caused by seeing her pet cat mangled by another's dog, where the owner does not appear to have willfully intended to cause such distress, nor to have been grossly negligent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 100.]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Margaret E. Buchanan against John R. Stout. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Rollin Tracy, for appellant.

Justin S. Galland, for respondent.

MILLER, J. The plaintiff has recovered a judgment for $100 for personal injuries resulting from shock and distress of mind caused by seeing a pet cat mangled by the defendant's dog. The assault occurred on the premises occupied by the plaintiff, and her claim is that the action is for trespass, and that all damages resulting therefrom, including mental distress, are recoverable.

We do not deem it necessary at this time to discuss the proposition that damages for injuries caused by a dog are not recoverable unless a vicious propensity of the dog, and knowledge thereof on the part of the owner be shown. An action of trespass does not lie merely because one's dog happens to wander upon the premises of another; at least, when not accompanied by the owner. We will assume that there was sufficient proof in this case of viciousness and scienter. The action, then, is in effect an action for negligence or nuisance; and it seems plain that the rule stated in Mitchell v. Rochester Railway Co., 151 N. Y. 107, 45 N. E. 354, 34 L. R. A. 781, 56 Am. St. Rep. 604, is applicable, to wit:

"No recovery can be had for injuries sustained by fright occasioned by the negligence of another, where there is no immediate personal injury."

True, this rule has no application to a case of willful wrongs, where an intention to cause mental distress is shown, and probably not to cases of wantonness. Spade v. Lynn & Boston R. R. Co., 168 Mass. 285, 47 N. E. 88, 38 L. R. A. 512, 60 Am. St. Rep. 393; Preiser v. Wielandt, 48 App. Div. 569, 62 N. Y. Supp. 890. The case before us does not disclose either willfulness or gross negligence on the defendant's part. In the case of the loss of a parent or child, a wife or a husband, through the negligence of another, the mental distress thereby occasioned cannot be a basis for a recovery, but only the pecuniary loss sustained; and we think in this case the plaintiff was limited to the pecuniary loss sustained by the death of her cat, and there was no proof to show what that was. There is no claim that the plaintiff was attacked. She was perfectly secure in her house, and witnessed the tragedy from her window.

The judgment must be reversed.