Hibbard, P. J.
This is an action for breach of an implied warranty. The question at issue sharply defined is the right of a plaintiff to recover in contract for injuries sustained as a result of a breach of implied warranty as to fitness of food for human consumption where the injuries are due to the sight of unfit food.
The defendant’s answer was a general denial with an allegation of contributory negligence.
At the trial there was evidence tending to show that the plaintiff went to the defendant’s market and while there purchased a loaf of sliced bread which was wrapped in a cellophane wrapper with the words “Wonder Bread, Continental Baking Company” printed on it; that she took the loaf of bread home and the next day opened the cellophane wrapper and took out two slices of bread from the loaf placing them on the table; that she started to eat her dinner, took one of the slices of bread and broke it into *298 two pieces of about equal size; that she then ate one of the slices and was about ready to eat the other when she noticed for the first time a dead cockroach near the upper crust of the bread; that she did not eat any part of the piece of 'bread which contained the cockroach which was brown in color and appeared to her to have been baked in the bread; that upon seeing the cockroach §he became violently ill and was nauseated; that the next day she called a doctor who treated her for several days for an upset stomach and nervousness; and she continued to be ill and upset every time she thought about the cockroach; that her illness according to her view was caused by the fact that if she had eaten the cockroach it might have poisoned her; that she never had seen any cockroaches in her own home but that the slice of bread showed the remains of a small insect near the upper crust of the bread; that her physician saw the bread with the dead cockroach in it and was of the opinion that an ordinary person might be made ill by viewing such an insect under the circumstances testified to by the plaintiff and that when the plaintiff viewed the bread in which the cockroach was found and which had been preserved for the purpose of an exhibit, she exhibited no signs of nervousness or illness as a result at that time.
It was agreed that due and proper notice was given.
The defendant seasonably filed the following requests for rulings:
“1. Upon all the evidence the plaintiff has not sustained the burden of proving by a fair preponderance of the evidence that she sustained any injury as a result of any breach of contract by thei defendant.
2. Upon all the evidence the bread delivered by the defendant to-the plaintiff was at the time of delivery reasonably fit for the purpose for which it was purchased.
*299 3. Upon all the evidence and as a matter of law, the plaintiff has failed to sustain the burden of proving any damages as a result of the alleged breach of contract on the part of the defendant.
4. Upon all the evidence the plaintiff cannot recover since her alleged injury was caused solely by the mental disturbance she experienced when she saw a ‘cockroach’ in a piece of bread sold to ber by the defendant. Spade v. Lynn and Boston R. R., 168 Mass. 285, 290.
5. Upon all the evidence and the law, the plaintiff cannot recover since her alleged injury was caused merely by a mental disturbance upon seeing a ‘cockroach’ baked in a piece of bread sold to her by the defendant.
6. Even though there was a breach of an implied warranty on the part of the defendant, the plaintiff cannot recover for any physical injury she sustained caused solely by her mental disturbance upon seeing a ‘cockroach’ contained in the bread sold by the defendant.
7. Upon all the evidence and the law, the plaintiff cannot recover, since her alleged injury was caused merely by mental disturbance when she saw a ‘cockroach’ in a piece of bread sold to her by the defendant.”
The Court denied all of these requests stating the Court had found to the contrary. A special finding of fact was filed as follows:
“The Court specifically finds that a loaf of sliced bread containing a dead cockroach embedded in one of the slices was purchased by the Plaintiff of the Defendant ; that the Plaintiff, while having her dinner, ate half of this slice of bread and was about to eat the other half when she saw the remains of the cockroach; that she became mentally disturbed and made sick; that she vomited and remained in this condition for about a week after the onset of her illness, losing about ten pounds in weight; that the bread, when delivered to the Plaintiff, was not reasonably fit to be eaten by her; that the unrefuted medical testimony showed that the Plaintiff was not peculiarly susceptible, *300 that an average person might be similarly affected, and that the Plaintiff’s experience was an adequate cause of her illness; and that her illness was the result of a breach of the implied warranty of the fitness of the bread for human consumption.”
The Court found for the plaintiff and the defendant claiming to be aggrieved by the refusal to rule as requested claimed a report.
The denial of the requests filed by the defendant raises a question which has not heretofore been adjudicated so far as can be determined by our Supreme Judicial Court.
The contention of the plaintiff is that the warrantor or the seller of food, in the instant case bread, must contemplate as the natural and probable result of any breach the anguish of mind, mental suffering or nervous shock which may be the result of the sight of offensive or unwholesome foreign substances in the food which is then being consumed.
The argument for the defendant is that a mental process causing a shock to the nervous system alone brought on the illness. The plaintiff “thought that if she had eaten the cockroach it might have poisoned her.” He argues that the case presents a situation where the injury “was caused immediately and proximately by nothing more substantial than ‘thought’ and where the thought itself was only the thought of injury if a certain event came to pass”. Therefore the defendant contends that no injury was sustained for which damages are legally recoverable in an action for breach of warranty.
The decision in Spade vs. Lynn & Boston Railroad Company, 168 Mass. 285 is still the law in this Commonwealth. This was an action of tort in which the plaintiff sought to recover for an injury sustained through the negligence of another. The plaintiff was a passenger in the defendant’s *301 car. An employee of the defendant undertook to remove a certain person who was noisy, turbulent and unfit to remain as a passenger. The resultant disturbance frightened the plaintiff and subjected her to a severe nervous shock by which she was physically prostrated and as a consequence she suffered great mental and physical pain and anguish and was put to great expense. The Court held there could be no recovery for a bodily injury caused by mere fright and mental disturbance. This decision though clarified somewhat by later opinions is as heretofore stated still the law in this Commonwealth. It is the contention of the defendant that the plaintiff cannot recover in the instant action because of the fact that this decision has not been overruled. The plaintiff however contends that although the instant action is not one of tort where contact is required, the contact between the plaintiff and the slice of bread was sufficient physical contact upon which to base liability. She further contends that the instant action being one of contract, the real basis of liability is the foreseeable consequences of the breach of warranty.
The case of Carroll vs. N. Y. Pie Baking Company, 213 N. Y. Suppl. 553 is cited by the plaintiff as authority in her favor. In that case the plaintiff was eating a piece of pie when she discovered the cockroach. She became ill. The Court says:
“In this case the recovery is not based upon fright. The plaintiff claims a physical injury. Her claim is that the defendant furnished her an article of food in such repulsive condition that it nauseated her and made her ill. . . . The plaintiff in this case makes no claim that she was frightened. There is nothing about a cockroach or several cockroaches that would frighten especially when dead and crushed. The plaintiff’s illness was not the result of fright but resulted from the repulsive and nauseating character of the food sold by the defendant.”
*302 The Court decided the case in accord with the doctrine “The general rule applied to such actions as those of negligence is that the wrong doer is responsible for the natural and proximate consequences of his conduct and what are such consequences must generally be left for the determination of the jury. ’ ’
It should be stated by the way that this action was for negligence.
By inference at least if not by direct statement the Court held that had there been fright alone there could have been no recovery as held in Mitchell vs. Rochester Railway Company, 151 N. Y. 107. Almost the same question her© involved was before the Appellate Division of the Municipal Court of the City of Boston in the case of McMullin vs. Cushman Bakery, reported in Vol. 1, No. 6 of the 1936 Massachusetts Appellate Division Reports at page 521. In that case the plaintiff while eating the purchased bread swallowed some hair contained therein. The warranted inference was that the hair had been left by a rat or mouse which had gnawed a hole in the loaf. The plaintiff was made sick as a result and was afraid to eat food thereafter. The Trial Court found for the defendant but the Appellate Division held there had been prejudicial error and ordered a new trial saying “With the marked advance in medical knowledge resulting in greater accuracy in diagnosing physical and mental ills, such limitations as the Spade and kindred decisions put upon the logical application of rules of liability should be given no extension. We think that damages for such disturbances should not be denied in the case before us.”
Although this decision does not carry the weight of final judgment, the reasoning therein is entitled to. respect.
*303 In the instant ease however the facts differ from those in the two actions above referred to. So far as the report discloses, and it “contains all the evidence material to the questions reported”, there was no consumption of a foreign substance as in the McMullin case and the plaintiff’s illness was due to fright, an element not present in the Carroll case for the report says “Plaintiff testified that her illness was caused by the fact that she thought if she had eaten the cockroach it might have poisoned her”. The plaintiff by this' testimony narrowed the basis for recovery to fright. Thus limited, we feel constrained to hold that the rule in the Spade case controls this action. We are not unaware of the fact that changed social and business conditions have resulted in the preparation and merchandising of many of the food elements used by man and that there is a natural revulsion when a person is confronted by unwholesome and repulsive food which he is at the moment consuming or is about to consume. These facts call for the utmost in the exercise of care in the preparation of food for sale and this revulsion with consequent physical distress and mental disturbance must be reasonably anticipated as the consequence of unfitness for which recovery should be allowed.
But in the case we are considering, we find no evidence of the consumption of a foreign and unwholesome substance and no revulsion because of the sight of dead cockroaches. We find only a fear that something if eaten might have been poisonous. As already stated, we feel bound by the Spade decision and not at liberty to extend the same to a degree which will warrant a finding for the plaintiff.
The finding for the plaintiff must be reversed and a finding for the defendant entered.