(November 17, 1954.)

∎

BESSIE D. WILLIAMS, as Executrix of ALBERT WILLIAMS, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 30880.) — Judgment affirmed, with costs. All concur, except Piper and Wheeler, JJ., who dissent and vote for reversal and for dismissal of the claim in the following memorandum: We think the finding of the Court of Claims that the State was negligent is contrary to and against the weight of the evidence. Further we find no competent evidence in this record that Kennedy " by use of force, threats and duress, compelled " decedent Williams " to drive and transport said William A. Kennedy in attempting to perfect his escape." In any event we think that the rule laid down in *Mitchell* v. *Rochester Ry. Co.* (151 N. Y. 107), that plaintiff cannot recover for injuries occasioned by fright when there is no physical injury, is applicable here. We do not construe *Comstock* v. *Wilson* (257 N. Y. 231) as having changed the rule. On this record the judgment should be reversed and the claim dismissed. (Appeal from a judgment for claimant on a claim against the State for damages for the death of claimant's testator and for conscious pain and suffering.) Present — McCurn, P. J., Vaughan, Piper, Wheeler and Van Duser, JJ. [204 Misc. 843.]

∎

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAWRENCE I. LYNCH, Appellant, against ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— Order affirmed, without costs of this appeal to either party. Memorandum: It is our opinion that Special Term correctly determined the proceeding and properly construed section 218 of the Correction Law insofar as it applies to this case. We do not, however, approve of the manner in which those in authority acted subsequent to the arrest of the relator on the parole warrant. There seems to be no excuse for confining him in the jail of Bronx County instead of returning him to Sing Sing Prison. He was entitled to be produced before a parole court " as soon as practicable ". (Correction Law, § 218.) By keeping him in custody in a county jail, he was deprived of a right given to him by statute. The inference is that even after he was returned to Sing Sing, he was further delayed in obtaining a hearing before a parole court by a transfer to Auburn Prison a few days previous to the session of the parole court at Sing Sing. Public officers should be alert to follow legislative mandates. All concur. (Appeal from an order dismissing a writ of habeas corpus and remanding relator to the custody of respondent.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See 285 App. Div. 852.]

∎

GERTRUDE RUBIN, Appellant, v. JOSEPH PALANKER, Doing Business as JOSEPH PALANKER & SONS, et al., Respondents.— Judgment affirmed, without costs of this appeal to any party. All concur. (Appeal from a judgment in favor of defendant Berger Properties, Inc., on a nonsuit, and in favor of defendant Palanker on a verdict of no cause of action, in a negligence action.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ.