(March 9, 1955.)

Bertina F. Spangberg, Respondent, v. Eastern Air Lines, Incorporated, Appellant.

Wheeler, J. (dissenting). Quite apart from the question of proximate cause, and giving the plaintiff the benefit of the most favorable inferences to be drawn therefrom, the complaint, as I view it, fails to state a cause of action. Appellant's motion, made pursuant to rule 106 of the Rules of Civil Practice, should have been granted.

Although there are two causes of action alleged, the first based upon negligence, and the second breach of contract to carry plaintiff safely as a passenger, it is clear that both are grounded upon negligence, the gravamen of the second cause of action being a breach of duty through negligence. (*Webber* v. *Herkimer & Mohawk St. R.R. Co.*, 109 N. Y. 311.)

In substance, the complaint alleges that plaintiff purchased a ticket at the ticket counter maintained at International Airport, Jamaica, New York, for passage from New York City to Miami, Florida. Both the ticket and plaintiff's baggage were marked for flight No. "607" and time of departure as "7:00 p.m." Thereafter and at approximately three o'clock P.M. there was an announcement over the loud speaker system that flight No. "607" was about to depart, and that was the "last call." In paragraph "Seventh", it is alleged: "That the plaintiff was considerably *startled, upset and confused* by this announcement that the flight she had been led to believe was leaving four hours later was then about to depart and, *in such a state of mind, she started to return to the defendant's ticket desk to determine the status of her reservation and baggage.*" [Emphasis supplied.] Then follows the allegation: "Eighth: That on her way to defendant's ticket desk the plaintiff fell and suffered injuries as hereinafter alleged."

Regardless of the conclusory allegations as to proximate cause, the facts as alleged in this complaint are susceptible of but one inference, namely, that plaintiff became "startled, upset and confused by this announcement" and "in such a state of mind" started back toward the ticket desk and fell. Otherwise stated, the alleged negligence caused her to become excited and mentally disturbed (regardless of what it may be labeled) and that her subsequent injuries were the direct consequence thereof. Under these facts, the case, as I view it, comes within the purview of the rule as enunciated in *Mitchell* v. *Rochester Ry. Co.* (151 N. Y. 107, 110), which thirty-five years later was amplified and reaffirmed in *Comstock* v. *Wilson* (257 N. Y. 231).

In the *Mitchell* case, recovery was denied upon the ground that the plaintiff could not recover for mere fright nor "for injuries which are the direct consequences of it," where there was no immediate personal injury. In the *Comstock* case, recovery was permitted because the injury was not confined to fright alone —it was accompanied by a physical impact or battery, which was an invasion of plaintiff's legal right. In commenting on the *Mitchell* case, Judge LEHMAN in his opinion stated: "the courts decided that for practical reasons there is ordinarily no duty to exercise care to avoid causing mental disturbance, and no legal right to mental security. Serious consequences from mere mental disturbance unaccompanied by physical shock cannot be anticipated, and no person is bound to be alert to avert a danger that foresight does not disclose. The conclusion is fortified by the practical consideration that where there has been no physical contact there is danger that fictitious claims may be fabricated. Therefore, where no wrong was claimed other than a mental disturbance, the courts refused to sanction a recovery for the consequences of that disturbance." (pp. 238–239).

Plaintiff's testatrix in the *Comstock* case (*supra*), was an occupant of an automobile which was involved in a collision with defendant's car, the actual contact being very slight. She stepped from the automobile and started to write down the defendant's name and license number, and while so doing, fainted, and fell to the sidewalk, fracturing her skull. Judge LEHMAN in his opinion, as I interpret it, made it clear that recovery would have been denied under the doctrine of the *Mitchell* case (*supra*) had it not been for the additional fact of the collision. Continuing the opinion, it was stated: "Here there was more.

* * * The collision itself, the consequent jar to the passengers in the car, was a battery and an invasion of their legal right. Their cause of action is complete when they suffered consequent damages." Without the collision or "battery" the *Comstock* case would have been practically on all fours with the instant case, and recovery undoubtedly would have been denied.

Although the *Mitchell* case has elsewhere been frequently criticized, its doctrine has never been repudiated in this State, as far as I have been able to discover. I am sure that this court did not attempt to do so in the recent case of *Williams* v. *State of New York* (284 App. Div. 1027).

The intermediate appellate courts of our State have consistently adhered to this doctrine and have not permitted recovery for injuries occasioned by fright or mental disturbance, unless associated with contemporaneous physical contact or molestation. (2 Clark on New York Law of Damages, § 589; *Jones* v. *Brooklyn Heights R.R. Co.*, 23 App. Div. 141, lamp globe falling on passenger and causing fright; *Mundy* v. *Levy Bros. Realty Co.*, 184 App. Div. 467, elevator door falling through shaft jarring and frightening plaintiff; *Hack* v. *Dady*, 142 App. Div. 510, fright and shock in consequence of explosion of molten lead, a few drops striking plaintiff on the hand; *O'Brien* v. *Moss*, 220 App. Div. 464, 465, in which this court stated: "Fright alone, neither preceded, accompanied nor followed by any sort of actual physical molestation, will not support an action for damages resulting from negligence." Cf. *Buchanan* v. *Stout*, 123 App. Div. 648.)

For all practical purposes, the word "fright" as it is used in the various cases is synonymous with such terms as "startled" or "upset" and is referred to by Judge LEHMAN in the *Comstock* case as "a mental disturbance."

Nor can I agree that plaintiff's subsequent fall and injuries were the proximate result of defendant's negligence. Because plaintiff became confused, distraught or upset by the negligence of the defendant in mis-marking her ticket, it does not follow that her injury while proceeding to the ticket counter was reasonably foreseeable. Her fall was not due to defendant's negligence, but, as alleged, to her own confused "state of mind." Defendant owed plaintiff no duty to protect her from mental disturbance or from falling by reason thereof. The injury is too remote, in my opinion, to justify a recovery.

I am aware that ordinarily the question of proximate cause is one of fact, but where the question is presented, even by an attack upon the pleadings, "it is one of law for the court if the facts alleged are susceptible of but one inference". (65 C. J. S., Negligence, § 264, p. 1188.) The conclusory allegation to the effect that plaintiff's fall was the natural and probable result of defendant's negligence cannot change the clear and specific facts as therein alleged. These facts not being in dispute, it follows that the question of proximate cause is for the court and not for the jury. (*Hoffman* v. *King*, 160 N. Y. 618, 628; *Restivo* v. *Conklin*, 171 App. Div. 481, 485; *Palsgraf* v. *Long Island R.R. Co.*, 248 N. Y. 339, 345.)

I dissent and vote for reversal and dismissal of the complaint.

All concur, except WHEELER, J., who dissents and votes for reversal and for granting the motion, in an opinion. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Order affirmed, with $10 costs and disbursements. [See *post*, p. 1116.]