Wheeler, J.
(dissenting). Quite apart from the question of proximate canse, and giving the plaintiff the benefit? of the most favorable inferences to beYdrbwiiltherefiroto/ the- c'ótáplaint/¡as'-'Ttvfewrif', fails"toí’státe":a'"Cause.«of' hethófi. Appellant’s motion, made purshant-ito/ruíe-’lOd ?of;:the>Rules-io$<CíviI .Fra'étipqA should have been granted.
*1003 . ■ Although there are.two causes ,pf action alleged, the first-based upon' negligence, and the--second-breach of contract -tó; carry -plaintiff; safely as’.a .passenger,.it.is clear that both-are grounded Upon negligence, the gravamen of thé-second-cause of action being a- breach of' duty through, negligence. (Webber v. Herkimer & Mohawk St. R.R. Co., 109 N. Y., 311) - il ¡.mi. ...
In ¡substance, the complaint -alleges ¡that - plaintiff-.purchased- a ticket' at the ticket Counter -maintained at Internátionál Airport, ..Jamaica, New. York,-,for passage from New York City to Miami, Florida.. • Both ¡the ticket and plaintiff’s baggage were marked for "‘flight-No.u“ 607 ” and-time-Of'departure as .07:00 ■ p.in.” c Thereafter and» ■ at approximately three of clock Pili.1 there, ¡was an ¡announcement, over» the -loud speaker system that .flight*No. ft 607.’.’ was- about to depart,: and that - was -the. ft last calli’.’- In. paragraph *1/ Seventh”, it is-alleged: “■That the - plaintiff ■’ was. - considerably ¿tariledy' wpset adnd" -confused, by. ¡this •- announcement that the flight-she. had been led. tobeliévé was leaving, four'.hours dater-¡was--then about to' -'depart and, in such a-¡state: of..-mind, ¡she¡'started.-.to rétumtó the defendant’s ticket desk-to determine. thé status; of-her¡reservation and baggage.”; [Emphasis supplied..]-- Then follows .the allegation: .0Eighth: That: on her way - to' defendant’s ticket desk;; the plaintiff, -fell • and¡ • suffered injuries as- hereinafter alleged.”-- ■ ■: ■' “ . . ’ ; ;
Begardless. of- the conclusory allegations as-to proximate.-cause, .the.facts- as alleged in-this'complaint are -susceptible ¡of but- one; inference, namely) that plaintiff became “ startled, upset and confused by this announcement ” and- “ in • such a state of; mind -” started back toward, the ¡ticket- desk and; fell, Otherwise ¡-stated, the’ alleged negligence Caused "her to-become excited- and mentally, disturbed (regardless of w-hat-it may- be labeled)- and that ¡her ¡subsequent¡injuries -were the direct consequence thereof-.-- Under these ¡facts,; the case, as. J. view it, comies within the purview of the rule as enunciated in Mitchell v. Rochester Ry. Co. (151 N. Y. 107, 110), which thirty-five years lates was amplified and reaffirmed in Comstock v. Wilson (357 N. Y. 231).
.In:,the Mitchell case, Recovery was denied upon the.ground-that the plaintiff ■could ¡not recover fon'mere fright'nor “ for injuries -which "are the direct-consequences of it,” whtire--there was nd; immediate• personal injury.; Jn thé! Gomstock case, recovery was permitted-because the ¡injury*Was-not:confined .to-fright alone &emdash;it-Was accompanied by a physical impact or battery, which .was an invasion of plaintiff’s legalright. <In commenting on theMitchell case, -Judge Lehman- in -his opinion-stated: “ the’ courts decided that for'práctica! reasons there is ordinarily ■ no duty to exercise care td avoid* causing mental disturbance," and ho legal right to mental security. ■ Serious ■ consequences from mere’mental disturbance, unaccompanied by physical shock canridt be anticipated, and. no person is bound-.to.be alert -to avert a danger that foresight- does not' disclose: ¡The -conclusion is fortified, by - the-practical- Consideration that Where there has been-No physical contact, there ■ is danger that fictitious claims may be fabricated. Therefore, where no wrong was claimed other than a mental disturbance, the courts refused:to- sanction a recovery for the consequences of.that disturbance” (pp. 238-239). ... -
... Plaintiff’s testatrix ¡in the. Gomstock ease. (supra), was, an occupant ¡of an lautomohil.e < which was ¡-involved in ¡a,collision with, defendant’s car,, the' actual contact being very slight. She stepped from the automobile and started-to write down,the defendant’s, name -and. license ■ number,, and; while, so doing,, fainted, and fell to the sidewalk, fracturing her skull. Judge Lehman in his opinion, as I interpret it, made it clear that recovery would have been denied under the doctrine of the Mitchell case (supra) had it not been for the additional fact of the collision. Continuing the opinion, it was stated: “Here there was more. *1004 * a « The collision itself, the consequent jar to the passengers in the car, was a battery and an invasion of their legal right. Their cause of action is complete when they suffered consequent damages.” Without the collision or “ battery” the Comstock case would have been practically on all fours with the instant case, and recovery undoubtedly would have been denied.
Although the Mitchell ease has elsewhere been frequently criticized, its doctrine has never been repudiated in this State, as far as I have been able to discover. I am sure that this court did not attempt to do so in the recent case of Williams v. State of New York (284 App. Div. 1027).
The intermediate appellate courts of our State have consistently adhered to this doctrine and have not permitted recovery for injuries occasioned by fright or mental disturbance, unless associated with contemporaneous physical contact or molestation. (2 Clark on New York Law of Damages, § 589; Jones v. Brooklyn Heights R.R. Co., 23 App. Div. 141, lamp globe falling on passenger and causing fright; Mundy V. Levy Bros. Realty Co., 184 App. Div. 467, elevator door falling through shaft jarring and frightening plaintiff; Hack v. Lady, 142 App. Div. 510, fright and shock in consequence of explosion of molten lead, a few drops striking plaintiff on the hand; O’Brien v. Moss, 220 App. Div. 464, 465, in which this court stated: “Fright alone, neither preceded, accompanied nor followed by any sort of actual physical molestation, will not support an action for damages resulting from negligence.” Cf. Buchanan v. Stout, 123 App. Div. 648.)
For all practical purposes, the word “ fright ” as it is used in the various cases is synonymous with such terms as “startled” or “upset” and is referred to by Judge Lehman" in the Comstock case as “ a mental disturbance.”
Nor can I agree that plaintiff’s subsequent fall and injuries were the proximate result of defendant’s negligence. Because plaintiff became confused, distraught or upset by the negligence of the defendant in mis-marking her ticket, it does not follow that her injury while proceeding to the ticket counter was reasonably foreseeable. Her fall was not due to defendant’s negligence, but, as alleged, to her own confused “state of mind.” Defendant owed plaintiff no duty to protect her from mental disturbance or from falling by reason thereof. The injury is too remote, in my opinion, to justify a recovery.
I am aware that ordinarily the question of proximate cause is one of fact, but where the question is presented, even by an attack upon the pleadings, “ it is one of law for the court if the facts alleged are susceptible of but one inference”. (65 C. J. S., Negligence, § 264, p. 1188.) The conclusory allegation to the effect that plaintiff's fall was the natural and probable result of defendant’s negligence cannot change the clear and specific facts as therein alleged. These facts not being in dispute, it follows that the question of proximate cause is for the court and not for the jury. (Hoffman v. King, 160 N. Y. 618, 628; Restivo v. Conklin, 171 App. Div. 481, 485; Palsgraf v. Long Island R.R. Co., 248 N. Y. 339, 345.)
I dissent and vote for reversal and dismissal of the complaint.
All concur, except Wheeler, J., who dissents and votes for reversal and for granting the motion, in an opinion. Present — McCurn, P. J., Vaughan, Kim-ball, Wheeler and Van Duser, JJ.
Order affirmed, with $10 costs and disbursements.'" [See post, p. 1116.]