Louis G. Bruhn, J.
This is a motion on behalf of the defendant “for an Order dismissing the third cause of action contained in the plaintiff’s complaint on the ground that said third cause of action fails to state a legal cause of action.”
The allegations .germane to a determination of the instant motion are contained in paragraphs' “ THIRTEEN ” and “ FOURTEEN ” of the complaint and are as follows:
“thirteenth: That at the time and place of said accident *305 wherein her said infant son was struck down, the plaintiff, Philomena Tobin, was present near the said public sidewalk and in close proximity to where her infant child was then walking; that it was under such circumstances that the defendant, Stuart Grossman, did then and there, in full view and presence of the plaintiff, strike and injure her infant child.
‘ ‘ fourteenth : That as a result of said accident occurring in the presence and in close proximity to plaintiff Philomena Tobin, she was rendered and continues to be sick, sore, lame and disabled; that she sustained a severe shock to her nervous and physical systems; that she has become and now is mentally ill and disturbed and has undergone emotional and personality changes and a psychotic depressive reaction; that she has required and will be compelled to undergo medical, psychiatric, and hospital care and treatment in an endeavor to be cured of her said injuries ”.
A proper disposition of the instant motion requires an appraisal of the history of litigation of this character.
Such appraisal of necessity requires a beginning with the celebrated case of Mitchell v. Rochester Ry. Co. (151 N. Y. 107).
In that case (pp. 108-109) the plaintiff “ testified that from fright and excitment caused by the approach and proximity of the team she became unconscious, and also that the result was a miscarriage and consequent illness.” (Italics supplied.)
For a long time the bar generally understood that recovery was denied in the Mitchell case and would be continued to be denied solely because the courts would not permit recovery in noncontact fright or emotional disturbance cases.
Such misconception has been dispelled by the recent case of Battalla v. State of New York (10 N Y 2d 237) where we find that public policy alone apparently has been the stumbling block.
The soundness of such conclusion is borne out on page 240 of such case when the court, referring to Mitchell stated: “ The court indicated essentially three reasons for dismissing the complaint. It stated first that, since plaintiff could not recover for mere fright, there could be no recovery for injuries resulting therefrom. It was assumed, in addition, that the miscarriage was not the proximate result of defendant’s negligence, but rather was due to an accidental or unusual combination of circumstances. Finally, the court reasoned that a recovery would be contrary to public policy because that type of injury *306 could be feigned without detection and it would result in a flood of litigation where damages must rest on speculation.”
Surprisingly enough the court, on the same page, continued with this language: “ With the possible exception of the last, it seems ‘ [a]ll these objections have been demolished many times, and it is threshing old straw to deal with them.’ (Prosser, Torts [2d ed], § 37, pp. 176-177.) Moreover, we have stated that the conclusions of the Mitchell case (supra) 1 cannot be tested by pure logic ’ (Comstock v. Wilson, 257 N. Y. 231, 234 [1931]). Although finding impact and granting recovery, the imanimous court in Comstock rejected all but the public policy arguments of the Mitchell decision.” (Italics supplied.)
It would seem therefore that the court in Battalia has now removed public policy as the last barrier to emotional disturbance types of litigation allegedly induced through negligence.
As a matter of fact in the Comstock case (supra) the court, at page 235, had stated: ‘ ‘ Mental suffering or disturbance, even without consequences of physical injury, may in fact constitute actual damage; nevertheless the courts generally do not regard it as such damage as gives rise to a cause of action, though it be the direct result of the careless act.” (Italics supplied.)
The court in the Battalia case (supra) expressed a further cogent principle applicable to the instant complaint when, at page 240, they stated: “ It Is fundamental to our common-law system that one may seek redress for every substantial wrong. 1 The best statement of the rule is that a wrong-doer is responsible for the natural and proximate consequences of his misconduct; and what are such consequences must generally be left for the determination of the jury.’ ” (Italics supplied.)
Therefore, in the opinion of this court the .challenged portion of the complaint does state a cause of action and whether these injuries are the natural and proximate consequences of the defendant’s negligence should await a jury’s resolve.
It is the feeling of this court that neither the case of Kalina v. General Hosp. (13 N Y 2d 1023) nor the case of Balestrero v. Prudential Ins. Co. (307 N. Y. 709) has any application to this situation since the emotional disturbance involved in those cases was not produced as a direct result of the alleged tortious acts at the time of their commission.
It would seem that recovery must be limited to those persons who can demonstrate that they were in a position physically to have been affected or influenced directly and not vicariously by the tortious acts at the time of their commission and not at any subsequent time.
*307 As a matter of fact the holding in these last two mentioned cases seems to logically fit within the framework of such limitation.
Therefore, for the reasons stated, the motion is denied, without costs.