## (December 3, 1958)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH LANZA, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of the Clinton County Court dismissing the writ of habeas corpus of the relator-appellant. Appellant on January 23, 1943 pleaded guilty to extortion and was sentenced to an indeterminate term of 7½–15 years. On September 11, 1950 he was released on parole. The certificate of release stated his maximum sentence would expire on January 7, 1958. On February 5, 1957, he was taken into custody as a parole violator. A hearing was held before one commissioner who found the charges were not sustained and he continued on parole until April 12 when he was again taken into custody on identical charges. A hearing before a three-member board determined that he had violated the terms of his parole and he was returned to prison on April 18, 1957. The board found the date of delinquency as of September 14, 1954, which extended his time to serve until July 18, 1960, approximately two and one-half years beyond the original date of his maximum sentence. It is not disputed that during the term of his parole, appellant made regular reports to his parole officer in accordance with the directions and instructions of the officer. The appellant's argument is primarily directed to rule 17 of the Rules of the Board of Parole to the effect that the board may not reverse the initial determination of one of its members based upon a violation of parole, appellant contending that in so doing the board would be reversing itself without the consideration of any additional facts. While apparently it is the custom of the board on occasions to have a one-member hearing, section 218 of the Correction Law requires action upon a charge of delinquency to be taken by the board. The intent of the law is that such matters will be determined by the board. Section 241 of the Executive Law entitled "Board of parole; organization" reads in part: "The board of parole * * * shall consist of five members * * *. Three members of the board of parole shall meet * * * for a full study of the cases of all prisoners eligible for release on parole and to determine when and under what conditions and to whom such parole may be granted. In all cases where alleged violation has occurred, the question of delinquency shall be determined by the board * * *. A majority of the board shall constitute a quorum for the transaction of all business, including the release on parole of a prisoner. The board shall make rules for the conduct of its work." If rule 17, adopted by the board and in effect at the time here in question, can be considered in contradiction of section 241, the legislative mandate must prevail. The authority to make rules is derived from this section [241]. However, regardless of whether or not rule 17 was complied with, the board had ample power "in its discretion [to] revoke or modify

any of its decisions for any reason it may see fit" under its rule 22. The circumstances in this case are unusual but the argument is without merit. The appellant in his brief makes some reference to the date of delinquency as fixed by the board but in his petition he does not allege that he was *not delinquent* as of that date nor does he raise the issue by answer traversing the validity of the allegation of the date of delinquency in the return (Civ. Prac. Act, § 1259). The basis for his relief rests upon the board's error in fixing delinquency yet he did not factually challenge the finding. (*People ex rel. Dote* v. *Martin,* 294 N. Y. 330, 333.) His petition is insufficient and under the circumstances the return of which he complains sufficient for holding him. The statute requires expedition by the Parole Board in retaking parolee where there is reasonable cause to believe there has been such a violation (Correction Law, § 218). (*People ex rel. Lynch* v. *Murphy,* 284 App. Div. 1027, affd. 308 N. Y. 859.) The discretionary powers given the board should at all times be exercised with great care, caution and diligence. Order dismissing the writ of habeas corpus unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.